CITY OF CLEVELAND, APPELLEE, *v.* BARNES, APPELLANT.

(No. 47718—Decided August 20, 1984.)

*Jose C. Feliciano,* city prosecutor, for appellee.

*Christopher D. Stanley,* for appellant.

ANN McMANAMON, P.J. The appellant, Deborah Barnes, was charged by Cleveland police with assault on a police officer, resisting arrest, carrying a concealed weapon, operating a motor vehicle with license plates issued to a different vehicle, operating a motor vehicle with loud muffler and obscure license plates—in violation of Sections 621.05, 615.08, 627.02, 435.09(E), 437.20 and 435.10, respectively, of the Cleveland Municipal Ordinances. Barnes was found guilty by a jury in the Cleveland Municipal Court on all counts and

sentenced.[1] She raises five assignments of error upon appeal.

## I

### Assignment of Error No. I

"The City of Cleveland CCW Ordinance and its sentencing provisions are unconstitutional."

Appellant contends that Ordinance 627.02 is unconstitutional because it imposes a greater sentence for conviction of carrying a concealed weapon than does the corresponding state statute. We disagree.

The cited ordinance provides the following penalty for first offenders:

"(e) Notwithstanding the provisions of Section 601.99(a), whoever violates this section is guilty of carrying concealed weapons, a misdemeanor, and shall be fined one thousand dollars ($1,000) and imprisoned for six months.

"No part of this sentence shall, in any case, be suspended or otherwise reduced except that any person convicted under this section, if he is at the time of such conviction shown to be gainfully employed, shall be released each day from the workhouse or other place of incarceration, to go to work, and shall at the conclusion of each such working day, during the term of his sentence, promptly return to the workhouse or place of incarceration until his sentence has been served."

Under R.C. 2923.12(D), carrying a concealed weapon (a first degree misdemeanor), the sentence imposed upon a first offender is a maximum term of six months in prison and/or a $1,000 fine (R.C. 2929.21).

Under Section 3, Article XVIII of the Ohio Constitution, municipalities are permitted to adopt local regulations subject only to the limitation that they are not in conflict with general laws. *Struthers* v. *Sokol* (1923), 108 Ohio St. 263. In *Youngstown* v. *Evans* (1929), 121 Ohio St. 342, the Ohio Supreme Court has expressly stated that a municipality may exact a greater penalty for an offense than is exacted by a corresponding state statute. See, also, *Niles* v. *Howard* (1984), 12 Ohio St. 3d 162. We therefore hold that the challenged ordinance is not invalid because it provides a penalty different than that imposed by the state.

We further find that Ordinance 627.02 is a proper exercise of municipal power to regulate matters affecting the health, safety and welfare of its citizens and that the sentence imposed under it bears a reasonable relation to the conduct proscribed.

Appellant's first assignment of error is without merit.

## II

### Assignment of Error No. II

"The trial court invaded the province of the jury by instructing them that the knife was a deadly weapon/dangerous ordinance [*sic*] as a matter of law."

Ordinance 627.02(a) provides that "no person shall knowingly carry or have, concealed on his person or concealed ready at hand, any deadly weapon."

The definitions of "deadly weapon" and "dangerous ordnance" are contained in Ordinance 627.01:

"(a) 'Deadly weapon' means any instrument, device or thing capable of inflicting death, and designed or specially adapted for use as a weapon, or possessed, carried or used as a weapon.

"* * *

"(j) 'Dangerous ordnance' means

---

[1] Appellant was sentenced on the assault charge to $400 and thirty days, of which $200 and 00 days (*sic*) were suspended; on the carrying a concealed weapon charge to $1,000 and six months; on the resisting arrest charge to $300, of which $200 was suspended; on the muffler offense to $25, suspended; on the license offense to $25, suspended; and on the obscured plates offense to $25, suspended.

any of the following, except as provided in subsection (k) hereof.

"(1) Any automatic or sawed-off firearm or zip-gun;

"(2) Any explosive device or incendiary device;

"(3) Nitroglycerin, nitrocellulose, nitrostarch, PETN, cyclonite, TNT, picric acid and other high explosives; amatol, tritonal, tetrytol, pentolite, pecretol, cyclotol and other high explosive compositions; plastic explosives; dynamite, blasting gelatin, gelatin dynamite, sensitized ammonium nitrate, liquid-oxygen blasting explosives, blasting powder and other blasting agents; and any other explosive substance having sufficient brisance or power to be particularly suitable for use as a military explosive, or for use in mining, quarrying, excavating or demolitions;

"(4) Any firearm, rocket launcher, mortar, artillery piece, grenade, mine, bomb, torpedo or similar weapon, designed and manufactured for military purposes, and the ammunition therefor[.]"

Appellant was charged with carrying a concealed weapon, to wit, a folding pocket knife with a four and one-half inch blade. The trial court gave the following instruction to the jury to which defense counsel objected:

"With regard to the third complaint, which is that [of] carrying a concealed weapon. The complaint states that on or about the 3rd day of November, 1982 in the city of Cleveland, Ohio, Deborah A. Barnes did knowingly carry or have concealed on her person, or concealed ready at hand any deadly weapon or dangerous ordinance [*sic*] to wit a four-and-a-half-inch blade folding pocket knife, black handled, concealed in her purse. As a matter of law the Court instructs you that the city's Exhibit number 2 is a dangerous ordinance [*sic*] as defined by law."

It is axiomatic that a defendant is entitled to have the jury instructed on all elements that must be proved to establish the crime with which he is charged. *State* v. *Adams* (1980), 62 Ohio St. 2d 151 [16 O.O.3d 169].

The Court of Appeals for Hamilton County recently reviewed the elements required for proof of carrying a concealed weapon in *State* v. *Anderson* (1981), 2 Ohio App. 3d 71, 72:

"As this court has noted, in *State* v. *Sears* (February 27, 1980), Hamilton App. No. C-790156, unreported, to sustain a conviction for carrying a concealed weapon the state must not only show that the offending instrument was capable of inflicting death—an element easily established with respect to many objects—but also, and more importantly here, that the instrument was *either*: (i) designed or specially adapted for use as a weapon; or (ii) possessed, carried or used as a weapon. See also *State* v. *Deboe* (1977), 62 Ohio App. 2d 192 [16 O.O.3d 467]; *State* v. *Orlett* (1975), 44 Ohio Misc. 7 [73 O.O.2d 30]. When an instrument is readily identifiable as one capable of inflicting death, such as a knife, proof of either additional element is nonetheless essential to sustain a conviction for carrying a concealed weapon under R.C. 2923.12."

In the instant case the trial court failed to instruct the jury on the definition of "deadly weapon," an essential element of the offense. Instead, the trial court erroneously stated that the knife was, as a matter of law, a dangerous ordnance.

The failure of the trial court to provide the statutory definition of a deadly weapon and to submit the nature of the alleged weapon as a factual question to the jury constitutes prejudicial error. We find that the court effectively foreclosed any consideration of this issue by the triers of fact.

Appellant's second assignment of error is well-taken.

## III

### Assignment of Error No. III

"The trial court's instructions to the jury concerning the definition of assault were deficient and require this court to reverse the defendant's conviction for assault."

The trial judge fully instructed the jury on the elements of "assault" at trial. During deliberations, the jury submitted a question to the court requesting the legal definition of "assault." The trial court gave the following response to which defense counsel objected:

"An assault is an unlawful attempt or offer coupled with presentability [sic] by one person to inflict injury upon the person of another then present. The essential element is the threatened or offered violence and not the actual physical contact. There must be the beginning of an act which if consummated would constitute a battery or a striking, and this act must be such as to cause reasonable fear of immediate physical harm to the person so assaulted. While no actual touching is necessary to constitute an assault, there must be some overt act or attempt or unequivocal [sic] of an appearance of an attempt to do physical injury to another by force and violence, and that act must convey to the mind of such other person a well rounded apprehension of personal injury.

"Mere words may endanger the public peace, but words alone however abusive and even threatening do not constitute an assault, at least unless accompanied by circumstances inducing apprehension of bodily harm."

In determining whether a charge prejudicially affects a defendant's rights to a fair trial, the charge must be considered in its entirety. *State* v. *Porter* (1968), 14 Ohio St. 2d 10 [43 O.O.2d 5]. We find that the challenged instruction was an appropriate response to the jury's question and was supplemental to the original charge. There is no indica-tion that the jury was misled by the court's failure to repeat the complete charge.

This assignment of error is not well-taken.

## IV

### Assignment of Error No. IV

"Pursuant to ORC 2941.25 the defendant's convictions for assault and resisting arrest constitute allied offenses of similar import."

Appellant argues that she cannot be convicted of both assault on a law enforcement officer and resisting arrest. We disagree.

This issue was recently addressed in *Cleveland* v. *Santos* (Dec. 22, 1983), Cuyahoga App. No. 46862, unreported, at 5:

"Cleveland Municipal Ordinance 621.05 defines assault on a law enforcement officer as follows:

" '(a) No person shall knowingly assault or cause or attempt to cause physical harm to a law enforcement officer or fireman in the lawful performance of his official duties.'

"Cleveland Municipal Ordinance 615.08(a) defines resisting arrest as follows:

" '(a) No person, recklessly, or by force, shall resist or interfere with a lawful arrest of himself or another.'

"These offenses have neither common nor similar elements. Knowledge and physical harm or attempt to cause physical harm must be proven in the assault charge. Resisting arrest does not contain either of these elements, in fact, the Supreme Court has recognized that:

" 'To constitute the offense of resisting an officer * * * it is not necessary that the officer should be assaulted, beaten, or bruised.'

"*Woodworth* v. *The State of Ohio* (1875), 26 Ohio St. 196. See also, *Athens* v. *Bromall* (1969), 20 Ohio App. 2d 140 [49 O.O.2d 166], (N. B. the concurring opinion at pp. 149-150). Since the subject offenses are not allied offenses of

similar import, this assignment of error is without merit."

Assuming, *arguendo,* that the two offenses have elements which correspond to the degree that proof of one offense would result in proof of the other, as required by *State* v. *Moralevitz* (1980), 70 Ohio App. 2d 20 [24 O.O.3d 16], the offenses must be committed with a single animus. In the instant case the trial testimony of the arresting officers, Rosen and Falcoski, tended to establish that appellant attempted to drive her vehicle away when presented with multiple traffic citations. When police succeeded in detaining her she was informed that she was under arrest. Appellant then failed to comply with Officer Rosen's request that she get out of the automobile. Rosen handcuffed appellant's hand and attempted to remove her from the car. When Barnes refused to move, Officer Falcoski attempted to cuff her other hand. It was then that appellant grabbed his hand and stabbed it with a pen she was holding to sign the proffered citations. A struggle ensued between appellant and the officers. Appellant's initial failure to cooperate can reasonably be construed from the evidence to be an action independent of the assault with the pen.

This assignment of error is not well-taken.

### V
Assignment of Error No. V
"The defendant's conviction for assault is against the weight of the evidence."

The police testified that when Officer Falcoski reached into the car to handcuff appellant's free hand, she stabbed his hand at least eight times with the pen, puncturing his skin. Appellant denied the stabbing and claimed that, in fact, the police beat her.

The credibility of the witnesses is for the trier of fact. *State* v. *DeHass* (1967), 10 Ohio St. 2d 230 [39 O.O.2d 366]. We find that the verdict is sustained by sufficient, competent, credible evidence.

This assignment of error is without merit.

The judgment of the trial court is affirmed in part and reversed and remanded for a new trial on the charge of carrying a concealed weapon only.

*Judgment accordingly.*

RUSSO and JONES, JJ., concur.

JONES, J., of the Twelfth Appellate District, sitting by assignment in the Eighth Appellate District.

JONES, J., concurring. With respect to the constitutionality of Cleveland Ordinance 627.02, the subject of the first assignment of error, I concur solely on the basis that I am required to do so on the authority of *Niles* v. *Howard* (1984), 12 Ohio St. 3d 162, which permits a municipality to increase the penalty for a minor misdemeanor under state statute to a first degree misdemeanor under a municipal ordinance. Were it not for *Niles, supra,* I would find Cleveland Municipal Ordinance 627.02 unconstitutional in that by mandating incarceration it provides a penalty more severe than R.C. 2923.12(D) for carrying a concealed weapon. The ordinance also encroaches upon the domain of the trial judge in denying the court its inherent right to suspend sentencing. As pointed out by Justice Sweeney in his well-reasoned dissent to *Niles, supra,* the ramifications of such decision are indeed frightening. Nevertheless, *Niles, supra,* represents Ohio law at least for the present time.