**CITY OF COLUMBUS, Appellee,**

v.

**KEMPER, Appellant.**

[Cite as *Columbus v. Kemper* (1992), 82 Ohio App.3d 49.]

Court of Appeals of Ohio,
Franklin County.

No. 92AP–593.

Decided Sept. 10, 1992.

*Ronald J. O'Brien,* City Attorney, *Marcee C. McCreary,* City Prosecutor, and *Brenda J. Keltner,* Assistant City Prosecutor, for appellee.

*Lou Friscoe,* for appellant.

McCormac, Judge.

Sonja Kemper, defendant-appellant, was found guilty by the court of the *per se* offense of operating a motor vehicle while under the influence of alcohol after entering a no contest plea. Defendant had previously been convicted of operating a motor vehicle while under the influence of alcohol in 1980 and 1982. The trial court specifically found that the two prior OMVI convictions should be taken into account pursuant to Columbus City Code 2133.99(3), which requires for the third offense a mandatory minimum penalty of thirty days imprisonment and a fine of $500. In contrast, R.C. 4511.-99(A)(1) would provide only for a mandatory minimum sentence of three days imprisonment, the offense being treated as a first offense. The key distinction is that the city ordinance considers previous convictions more than five years old and the state law does not.

Defendant specifically preserved her objection to the court's ruling which was that the mandatory thirty-day sentence was applied because of the Columbus City Code provision. The court stated that, if the two priors were not to be taken into account, a lesser mandatory sentence would have been imposed.

Defendant asserts that the trial court erred in holding that the Columbus City Code required a mandatory thirty-day sentence, contending that the relevant portions of the city code are contrary to state law and unenforceable.

The differing mandatory minimum sentences contained in R.C. 4511.99 and Columbus City Code 2133.99 do not create a conflict with the general laws of Ohio. The Ohio Supreme Court has defined the term "general laws" as follows:

"The words 'general laws' as set forth in Section 3 of Article XVIII of the Ohio Constitution means [*sic*] statutes setting forth police, sanitary or similar regulations and not statutes which purport only to grant or to limit the legislative powers of a municipal corporation to adopt or enforce police, sanitary or other similar regulations." *West Jefferson v. Robinson* (1965), 1 Ohio St.2d 113, 30 O.O.2d 474, 205 N.E.2d 382, paragraph three of the syllabus.

In *Columbus v. Molt* (1973), 36 Ohio St.2d 94, 65 O.O.2d 244, 304 N.E.2d 245, the court held that R.C. 4511.06 and 4511.99 were not "general laws," as that term is used in Section 3, Article XVIII of the Ohio Constitution. The statutes upon which defendant bases her argument are R.C. 4511.06, which provides for uniform application and precedence of traffic law, and R.C. 4511.99, which is the penalty section which differs from that contained in Columbus City Code 2133.99. While defendant argues that *Columbus v. Molt* is now suspect because R.C. 4511.06 has been amended since *Molt* was decided, the amendment did not substantively change the portion addressed in *Molt.*

In *Struthers v. Sokol* (1923), 108 Ohio St. 263, 140 N.E. 519, the court stated that the test for determining whether a local ordinance conflicts with a state code provision is whether the ordinance permits or licenses that which the statute forbids and prohibits and vice versa. The court pointed out that a police ordinance is not in conflict with a general law upon the subject merely because greater penalties are imposed by the municipal ordinance. More recently the court held that no conflict existed between a municipal ordinance which increased the penalty for a crime if it did not change the classification of the offense from misdemeanor to felony. *Niles v. Howard* (1984), 12 Ohio St.3d 162, 165, 12 OBR 232, 234, 466 N.E.2d 539, 541; see, also, *Toledo v. Best* (1961), 172 Ohio St. 371, 16 O.O.2d 220, 176 N.E.2d 520.

Defendant's argument that the sentencing provision of the state code, which limits consideration of previous OMVI offenses to those committed within the past five years for purposes of the mandatory sentence, is a statute of limitations which is binding upon the municipality has no merit. The provision allowing enhancement of the penalty because of previous convictions is not a prosecution of the previous offenses but simply an increase of the minimum penalty because the defendant is a repeat offender.

Defendant's assignment of error is overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

BOWMAN and DESHLER, JJ., concur.