JOURNAL ENTRY AND OPINION
This appeal is before the Court on the accelerated docket pursuant to App.R. 11.1 and Loc. App.R. 11.1.
Appellant, Rufus Terrel Davis, appeals from his sentence for the possession of marijuana. Mr. Davis claims that the City of Euclid unconstitutionally elevated the offense from a minor misdemeanor under R.C. 2925.11[C][3][a] to a first degree misdemeanor under the municipal ordinance. We find no merit to this contention and affirm.
On December 9, 1993, Mr. Davis was stopped for a traffic violation and was found to be in possession of less than 200 grams of marijuana in violation of Section 513.03(A)(C)(2) of the Codified Ordinances of the City of Euclid.
On January 25, 2001, Mr. Davis was convicted of Drug Abuse in violation of Section 513.03(A)(C)(2), a first degree misdemeanor. Mr. Davis was sentenced to a fine of $300, court costs, one year of active probation, and thirty days in jail which were suspended on the condition that he perform forty hours of community service and undergo a drug assessment.
On January 31, 2001, Mr. Davis filed a Motion to Correct Illegal Sentence arguing that the fine of $300 imposed by the City exceeds the monetary maximum imposed by law. Specifically, Mr. Davis argued that the City illegally elevated the offense from a minor misdemeanor under R.C.2925.11[C][3][a], which prescribes that a fine may not exceed $100, to a first degree misdemeanor under the municipal ordinance, which prescribes a fine of $300. On February 13, 2001, Mr. Davis's motion to correct was denied. This appeal timely follows and Mr. Davis raises two assignments of error which will be discussed together:
 I. GIVEN R.C. OF OHIO § 2925.11(C)(3)(a), THE SENTENCE IMPOSED HEREIN AGAINST THE APPELLANT MUST BE REGARDED AS ILLEGAL.
 II. THE APPELLANT WAS DENIED EQUAL PROTECTION OF THE LAW IN THE WAKE OF THE COURT REGARDING WHAT THE STATE PROCLAIMED TO BE A MINOR MISDEMEANOR AS A FIRST DEGREE MISDEMEANOR AND PROSECUTING AND PUNISHING HIM ON THAT BASIS.
Mr. Davis contends that the City of Euclid acted in an unconstitutional manner in classifying the possession of marijuana as a first degree misdemeanor. Specifically, Mr. Davis contends that Section513.03(A)(C)(2), which contains the identical language of R.C.2925.11[C][3][a], is unconstitutional because it enhances the statutory penalty for possession of less than 200 grams of marijuana from a minor misdemeanor to a misdemeanor of the first degree.
Mr. Davis challenges this action as a violation of Section 26 of Article II of the Ohio Constitution which requires that:
 All laws, of a general nature, shall have a uniform operation throughout the state; nor, shall any act, except such as relates to public schools, be passed, to take effect upon the approval of any other authority than the general assembly, except, as otherwise provided in this constitution.
Mr. Davis maintains that R.C. 2925.11[C][3][a] is a general law within the meaning of Art. II, Sec. 26 and cannot be modified by municipal law.
Mr. Davis's argument is without merit. Under Section 3 of Article XVIII
of the Ohio Constitution, municipalities are permitted to adopt local regulations for police matters subject only to the limitation that they are not in conflict with general laws. Niles v. Howard (1984),12 Ohio St.3d 162, 165; Struthers v. Sokol (1923), 108 Ohio St. 263.
The Ohio Supreme Court has expressly held that an ordinance is not in conflict with a general law upon the same subject merely because different penalties are provided for the same acts, even though greater penalties are imposed by the municipal ordinance. Niles at 165. Furthermore, merely enhancing the classification of an offense from one level misdemeanor to another does not create a conflict.[1] Id. See, also, City of Cleveland Heights v. Wood (1995), 107 Ohio App.3d 616; Columbus v. Kemper (1992), 82 Ohio App.3d 49; Cleveland v. Barnes (1984), 17 Ohio App.3d 30; Shaker Heights v. Fillinger, (May 5, 1994), Cuyahoga App. No. 65354, unreported.
Accordingly, we find that Section 513.03(A)(C)(2) of the Codified Ordinances of the City of Euclid is not in conflict with R.C.2925.11[C][3][a]. The increasing penalty and re-classification of the offense from a minor to a first degree misdemeanor are constitutional pursuant to the Supreme Court's ruling in Niles and Struthers. Id. at 3-4. Thus, the City of Euclid ordinance in this case is constitutional and Mr. Davis's assignments of error are overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Euclid Municipal Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, P.J., and ANN DYKE, J., CONCUR.
[1] However, if Section 513.03(A)(C)(2) had altered the degree of punishment to a felony rather than a misdemeanor it would have been unconstitutional. Niles at 165.