**CITY OF MEDINA, Appellant,**

v.

**SZWEC et al., Appellees.**

[Cite as *Medina v. Szwec,* 157 Ohio App.3d 101, 2004-Ohio-2245.]

Court of Appeals of Ohio,
Ninth District, Medina County.

Nos. 03CA0068–M, 03CA0070–M, 03CA0071–M and 03CA0073–M.

Decided May 5, 2004.

</div>

Joseph F. Salzgeber, Medina County Prosecuting Attorney, for appellant.

Ronald S. Spears and Robert B. Campbell, for appellees Kristen M. Szwec and Dana C. Coudret.

Edmund M. Sawan, for appellee Daniel R. Flaherty.

David L. McArtor, for appellee Douglas W. Smith.

SLABY, Judge.

{¶ 1} Appellant, the city of Medina, appeals from the judgment of the Medina Municipal Court that determined that Medina City Ordinance, Section 513.03(A),

is in conflict with R.C. 2925.11(A) and thus in violation of Section 3, Article XVIII of the Ohio Constitution. We reverse and remand.

{¶ 2} Defendants, Kristen M. Szwec, Dana C. Coudret, Douglas W. Smith, and Daniel R. Flaherty, were charged with drug abuse, a misdemeanor of the first degree, in violation of Section of 513.03(A) of the Medina City Ordinances. Thereafter, each defendant filed a motion to dismiss asserting that Section 513.03(A) is in conflict with R.C. 2925.11(A), which classifies the same conduct as a minor misdemeanor, and thereby violates Section 3, Article XVIII of the Ohio Constitution. The city responded in opposition. After hearing the matter, the court found that the ordinance's increase in the offense level from a minor misdemeanor to a misdemeanor of the first degree was an increase in the level or degree of the offense and concluded that Section 513.03(A) was in conflict with R.C. 2925.11(A) and thus in violation of Section 3, Article XVIII of the Ohio Constitution. Defendants' motions to dismiss were granted. Thereafter, the city timely appealed, asserting one assignment of error for review.

## ASSIGNMENT OF ERROR

"The trial court erred in holding that Medina City Ordinance 513.03[,] which classifies the offense of obtaining, possessing or using marijuana in an amount less than 100 grams as a misdemeanor of the first degree[,] is in conflict with R.C. 2925.11(A), a general law of the State of Ohio, and violates Section 3, Article XVIII of the Ohio Constitution."

{¶ 3} In its sole assignment of error, the city asserts that the trial court erroneously concluded that Section 513.03 was in conflict with R.C. 2925.11(A). Specifically, the city asserts that the trial court's decision is contrary to existing Ohio case law. We agree.

{¶ 4} Initially, this court notes that all legislative enactments, including municipal ordinances, are presumed to be constitutional. *In re Farris* (Oct. 18, 2000), 9th Dist. No. 20102, at 3, 2000 WL 1533915, citing *State v. Cook* (1998), 83 Ohio St.3d 404, 409, 700 N.E.2d 570. Before a court may declare a statute unconstitutional, the challenging party must demonstrate, beyond a reasonable doubt, that the legislation and constitutional provisions are incompatible. *Farris*, supra, at 3–4, 2000 WL 1533915, citing *Cook*, 83 Ohio St.3d at 409, 700 N.E.2d 570. An appellate court's standard of review, when examining the constitutionality of a statute, is de novo. *Liposchak v. Ohio Bur. of Workers' Comp.* (2000), 138 Ohio App.3d 368, 385, 741 N.E.2d 537, citing *Ohio Historical Soc. v. State Emp. Relations Bd.* (1993), 66 Ohio St.3d 466, 471, 613 N.E.2d 591.

{¶ 5} Pursuant to the Home Rule Amendment to the Ohio Constitution, the city of Medina, as a municipal corporation, has the authority to pass laws for the

welfare of its citizens.  *Medina v. Ratkowski* (Mar. 14, 2001), 9th Dist. No. 3075–M, at 5, 2001 WL 251356. Specifically, Section 3, Article XVIII of the Ohio Constitution provides:

"Municipalities shall have authority to exercise all powers of local self-government and to adopt and enforce within their limits such local police, sanitary and other similar regulations, as are not in conflict with general laws."

{¶ 6} Section 513.03 makes the possession or use of less than 100 grams of marijuana a misdemeanor of the first degree and imposes a three-day mandatory period of incarceration for the first conviction.  Under R.C. 2925.11, possession of the same amount of marijuana constitutes only a minor misdemeanor.

{¶ 7} Defendants maintain that Section 513.03 is in conflict with R.C. 2925.11 because "[Section 513.03] criminalizes conduct that the Ohio Revised Code does not."  However, as defendants acknowledge, this argument has been reviewed and rejected by the Supreme Court of Ohio and several Ohio appellate courts. See *Niles v. Howard* (1984), 12 Ohio St.3d 162, 165, 12 OBR 232, 466 N.E.2d 539; *Ratkowski,* supra, at 6, 2001 WL 251356; *State v. Williams,* 7th Dist. No. 01 CA 221, 2002-Ohio-5022, 2002 WL 31117067, at ¶ 27; *State v. Schaefer,* 5th Dist. No. 01COAA01435, 2002-Ohio-726, 2002 WL 220943, at ¶ 9–11; *Mentor v. Melnick* (July 25, 1986), 11th Dist. No. 11–122, 1986 WL 8209; *Fairfield v. Brown* (Oct. 22, 1984), 12th Dist. No. CA83–09–109, 1984 WL 3448.  In the past, this court has stated that as the "Medina City Ordinance 513.03 does not make possession of marijuana a felony[,] * * * the ordinance is not in conflict with the general laws of the state."  *Ratkowski,* supra, at 6, 2001 WL 251356. See, also, *Akron v. Ross* (July 11, 2001), 9th Dist. No. 20338, at 7, 2001 WL 773235 (concluding that "increasing the penalty from a minor misdemeanor to one of the first degree does not violate the Home Rule Amendment").  Moreover, this court will follow and give due deference to the precedent set by the Supreme Court, as the rationale in *Niles* is the prevailing law in Ohio. See *Schaefer,* 2002-Ohio-726, 2002 WL 220943, at ¶ 11, citing *Krause v. State* (1972), 31 Ohio St.2d 132, 60 O.O.2d 100, 285 N.E.2d 736; *Melnick,* supra.  Accordingly, pursuant to *Niles* and *Ratkowski,* we are unable to find that Section 513.03 is in conflict with the general laws of Ohio. The trial court erred in reaching such a conclusion.  The city's sole assignment of error is sustained.

{¶ 8} The city's assignment of error is sustained.  The judgment of the Medina Municipal Court is reversed, and the matter is remanded for further proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

CARR, P.J., and WHITMORE, J., concur.