[Cite as *State v. J.S.*, 2015-Ohio-177.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 101329**

**STATE OF OHIO**

PLAINTIFF-APPELLANT

vs.

**J.S.**

DEFENDANT-APPELLEE

**JUDGMENT:**
VACATED AND REMANDED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-06-480092-A

**BEFORE:**   S. Gallagher, J., Jones, P.J., and McCormack, J.

**RELEASED AND JOURNALIZED:**   January 22, 2015

**ATTORNEYS FOR APPELLANT**

Timothy J. McGinty
Cuyahoga County Prosecutor
By: Diane Smilanick
       Anthony Miranda
Assistant Prosecuting Attorneys
Justice Center - 9th Floor
1200 Ontario Street
Cleveland, Ohio    44113


**ATTORNEYS FOR APPELLEE**

Robert L. Tobik
Cuyahoga County Public Defender
By: John T. Martin
Assistant Public Defender
Courthouse Square Suite 200
310 Lakeside Avenue
Cleveland, Ohio    44113

SEAN C. GALLAGHER, J.:

{¶1} Plaintiff-appellant, the state of Ohio, appeals the decision of the Cuyahoga County Court of Common Pleas granting defendant-appellee J.S.'s application for sealing of the record. For the reasons stated herein, we vacate the judgment of the trial court and remand the matter for further proceedings as instructed below.

{¶2} In 2006, appellee was charged with one count of receiving stolen property, one count of misuse of credit cards, and four counts of forgery, all counts being felonies of the fifth degree. Following noncompliance with a pretrial diversion program, appellee pled guilty to the charges in the indictment in 2008. Thereafter, the trial court sentenced him to 12 months of community control sanctions with conditions, imposed a $250 fine, and ordered appellee to pay court costs and fees.

{¶3} On June 14, 2013, appellee filed a pro se application for sealing of the record pursuant to R.C. 2953.32(A)(1). The state filed a brief in opposition, arguing that appellee was not an "eligible offender" as defined by R.C. 2953.31(A). The trial court held a hearing.

{¶4} The state argued that appellee was not an eligible offender because of his prior convictions. His record included prior convictions for possession of marijuana in Cleveland Heights Municipal Court in 1992, possessing drug paraphernalia in Lorain County Court of Common Pleas in 2007, and disorderly conduct in Cleveland Heights Municipal Court in 2008. The possession of marijuana conviction was a minor misdemeanor, which is not considered a conviction under R.C. 2953.31. However, his convictions for possessing drug paraphernalia and for disorderly conduct were both fourth-degree misdemeanors.

{¶5} Appellee argued that he did qualify for expungement because his conviction for disorderly conduct, although a fourth-degree misdemeanor under Cleveland Heights Municipal

Code 509.03, would have been a minor misdemeanor under the analogous state statute, R.C. 2917.11. *See* R.C. 2917.11(E)(2).

{¶6} The trial court applied a liberal construction to the expungement statute and believed the fact that Cleveland Heights made a penalty more extreme was unfair and did not promote the purposes of the expungement statute to effectuate the sealing of records for those who have been successfully rehabilitated. Therefore, the trial court treated the conviction for disorderly conduct as a minor misdemeanor, as opposed to a fourth-degree misdemeanor, and found appellee to be an eligible offender for expungement. The trial court granted the application for the sealing of the record.

{¶7} The state has appealed the trial court's ruling. Under its sole assignment of error, the state claims the trial court erred in granting appellee's application for sealing of the record because appellee is not an eligible offender pursuant to R.C. 2953.32. Expungement eliminates the general public's access to conviction information, and the government has a substantial interest in ensuring that expungement is granted only to those who are eligible. *State v. Hamilton*, 75 Ohio St.3d 636, 639-640, 1996-Ohio-440, 665 N.E.2d 669.

{¶8} The sealing of a criminal record has been declared "an act of grace," and courts are required to apply the requirements prescribed by the General Assembly in its proper exercise of legislative power. *State v. Aguirre*, Slip Opinion No. 2014-Ohio-4603, ¶ 26-27; *see also State ex rel. Cincinnati Enquirer v. Lyons*, 140 Ohio St.3d 7, 2014-Ohio-2354, 14 N.E.3d 989, ¶ 15. R.C. 2953.32 is the statute that governs the sealing of a record of conviction for eligible offenders. Once an offender has satisfied the prerequisites of a final discharge and the relevant expiration of time under R.C. 2953.32(A)(1), an application for expungement may be considered

by the trial court, which is to weigh the public's interest and apply a liberal construction of the statute so as to promote the legislative purpose of allowing expungement.   *Aguirre* at ¶ 18.

{¶9} Under R.C. 2953.31(A), an "eligible offender" is defined to include those convicted of "not more than one felony conviction, not more than two misdemeanor convictions if the convictions are not of the same offense, or not more than one felony conviction and one misdemeanor conviction in this state or any other jurisdiction."  Also, "[w]hen two or more convictions result from or are connected with the same act or result from offenses committed at the same time, they shall be counted as one conviction."  R.C. 2953.31(A).  A conviction for a minor misdemeanor is not considered a conviction. R.C. 2953.31(A).   The statute further provides that "a conviction * * *  for a violation of any section in Chapter 4507., 4510., 4511., 4513., or 4549. of the Revised Code, or for a violation of a municipal ordinance that is *substantially similar to any section in those chapters is not a conviction*."  R.C. 2953.31(A) (emphasis added).

{¶10} The language excluding as a conviction violations of "substantially similar" municipal ordinances is limited to the named statutory sections, which all relate to minor traffic or motor vehicle violations.   Hence, "the 'substantially similar' test was not intended to apply to all violations of municipal ordinances, but only to violations of municipal traffic ordinances." *Dayton v. Sheibenberger*, 115 Ohio App.3d 529, 534, 685 N.E.2d 841 (2d Dist. 1996).

{¶11} In this case, because appellee had a felony conviction and two fourth-degree misdemeanor convictions, and the "substantially similar" test is not applicable to his disorderly conduct conviction, it would appear appellant does not qualify as an eligible offender for expungement.   However, our analysis does not end here.

{¶12} On appeal, appellee contends that it would violate the Equal Protection Clause of the United States and Ohio Constitutions to treat his disorderly conduct conviction that arose under the Cleveland Heights Municipal Code as a fourth-degree misdemeanor for determining his eligibility for expungement when the offense is a minor misdemeanor for individuals who are charged under the Ohio Revised Code. We recognize that the Ohio Supreme Court has determined a municipal ordinance that increases the penalty for a crime from a minor misdemeanor to a higher-level misdemeanor, rather than to a felony, is not in conflict with the general laws of Ohio within the meaning of Article XVIII, Section 3, of the Ohio Constitution. *Niles v. Howard*, 12 Ohio St.3d 162, 165, 466 N.E.2d 539 (1984). Following *Niles*, several Ohio appellate courts, including this court, have upheld the constitutionality of similar municipal ordinances that increase the penalty of an offense from a minor misdemeanor to a higher-level misdemeanor. *See State v. Creamer*, 1st Dist. Hamilton No. C-060568, 2007-Ohio-5125, ¶ 10-11; *Medina v. Szwec*, 157 Ohio App.3d 101, 2004-Ohio-2245, 809 N.E.2d 78, ¶ 6-7 (9th Dist.); *Akron v. Ross*, 9th Dist. Summit No. 20338, 2001 Ohio App. LEXIS 3083, *9-10 (July 11, 2001); *Cleveland Hts. v. Wood*, 107 Ohio App.3d 616, 618-619, 669 N.E.2d 281 (8th Dist.1995). However, these decisions have not dealt with the equal-protection issue raised herein, which challenges the application of R.C. 2953.31(A) and R.C. 2953.32 in determining the eligibility for expungement to these types of offenses.

{¶13} The federal and state Equal Protection Clauses are essentially the same and require that all similarly situated individuals be treated in a similar manner. *Ohio Apt. Assn. v. Levin*, 127 Ohio St.3d 76, 2010-Ohio-4414, 936 N.E.2d 919, ¶ 33. "[A] statute that does not implicate a fundamental right or a suspect classification does not violate equal-protection principles if it is

rationally related to a legitimate government interest." *State v. Williams*, 126 Ohio St.3d 65, 2010-Ohio-2453, 930 N.E.2d 770, ¶ 39.

**{¶14}** In this case, the expungement statutes do not implicate a fundamental right or suspect classification. Thus, it must be determined whether precluding the sealing of records for individuals convicted under a municipal ordinance with an increased penalty, while allowing it for similarly situated individuals convicted of a minor misdemeanor under an analogous state statute, is rationally related to a legitimate governmental interest.[1] Because this issue was not vetted out in the trial court and the record has not been fully developed on the issue, we remand the matter to the trial court for a hearing.

**{¶15}** Accordingly, we vacate the judgment of the trial court, and remand the matter with instructions for the court to hold a hearing to consider the equal-protection issue.

**{¶16}** Judgment vacated; case remanded.

It is ordered that appellant and appellee share costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

—

---

[1] At least two cases, though not involving the exact circumstances as this case, have recognized that an interpretation of the expungement statutes that would result in people committing the same crime being treated differently based upon where they were arrested, or whether they were convicted under Ohio statutes or municipal ordinances, would be inherently unfair and result in an unequal application of the laws. *Aurora v. Bulanda*, 11th Dist. Portage No. 95-P-0130, 1996 Ohio App. LEXIS 2453 (June 14, 1996); *State v. Greenwald*, 11th Dist. Lake No. 12-076, 1987 Ohio App. LEXIS 9029 (Sept. 30, 1987).

SEAN C. GALLAGHER, JUDGE

LARRY A. JONES, SR., P.J., and
TIM McCORMACK, J., CONCUR