**[Cite as *State v. T.S.*, 2020-Ohio-5182.]**

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellant, | : | No. 109119 |
| v. | : | |
| T.S., | : | |
| Defendant-Appellee. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** November 5, 2020

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-94-305057

*Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Callista Plemel, Assistant Prosecuting Attorney, *for appellant.*

Mark A. Stanton, Cuyahoga County Public Defender, and Erika B. Cunliffe, Assistant Public Defender, *for appellee.*

PATRICIA ANN BLACKMON, J.:

{¶ 1} Plaintiff-appellant, the state of Ohio, appeals from the order of the trial court that sealed T.S.'s 1995 third-degree felony drug conviction. The state assigns the following error for our review:

> The trial court erred in granting T.S.'s application to seal his criminal record pursuant to R.C. 2953.32 because T.S.'s record was not eligible for sealing.

{¶ 2} Having reviewed the record and the pertinent law, we affirm the decision of the trial court.

{¶ 3} On February 13, 1995, T.S. pled guilty to drug trafficking in violation of R.C. 2925.03, a third-degree felony. In March 2019, he filed an application to seal his record. According to the expungement investigation report prepared in connection with the application, T.S.'s record also includes a 1993 conviction for underage purchase of liquor, a first-degree misdemeanor in violation of section R.C. 4301.632, a 1998 conviction for having liquor in a motor vehicle, a fourth-degree misdemeanor under Cleveland Codified Ordinances 617.04, and a 2004 open-container violation, a fourth-degree misdemeanor under Cleveland Codified Ordinances 617.07.

{¶ 4} The state argued that T.S. is ineligible for expungement under R.C. 2953.31(A)(1)(a) due to the third-degree felony conviction, and that he is also ineligible under R.C. 2953.31(A)(1)(b), because he has more than one felony and misdemeanor conviction. In opposition, T.S. argued that he is eligible for expungement under R.C. 2953.31(A)(1)(b) because the misdemeanor convictions

are all listed as minor misdemeanors under state law or state law counterparts to the municipal offenses, so they are not counted against him by operation of R.C. 2953.31(A). T.S. also argued, inter alia, his rights under the Equal Protection Clause of the Ohio Constitution and the United States Constitution are violated to the extent that his expungement is barred by the more severe provisions of the Cleveland Codified Ordinances as compared to the comparable Revised Code counterparts. In response, the state maintained that the equal protection provisions are not violated by application of the penalty levels as set forth in the municipal code, despite the more lenient Revised Code penalty levels. Following a brief hearing, the trial court granted T.S.'s application for expungement. The court explained that it was adopting T.S.'s equal protection argument and that the same argument was adopted in two other common pleas court cases. The state now appeals.

**Applications for Expungement**

{¶ 5} The state argues that the trial court erred in ruling that T.S. is eligible for expungement and in sealing his record.

{¶ 6} This court reviews determinations of whether an offender is eligible for expungement under the de novo standard of review. *State v. V.S.*, 8th Dist. Cuyahoga No. 105264, 2017-Ohio-1565, ¶ 6.

{¶ 7} Under R.C. 2953.32, a trial court may order the sealing of a record of conviction of an "eligible offender." An "eligible offender" is anyone who has been convicted of no more than five fourth- or fifth-degree felonies and the offenses are not offenses of violence or sex offenses, or anyone who "has not more than one felony

conviction, not more than two misdemeanor convictions, or not more than one felony conviction and one misdemeanor conviction in this state or any other jurisdiction." R.C. 2953.31. For purposes of determining eligibility, minor misdemeanor convictions for violations of any section in Chapter 4507, 4510, 4511, 4513, or 4549 of the Revised Code, or for violations of municipal ordinances are substantially similar to any section in those chapters are not considered convictions. R.C. 2953.31(A)(2). *See also State v. J.S.*, 8th Dist. Cuyahoga No. 101329, 2015-Ohio-177, ¶ 9. Once an offender has satisfied the prerequisites of a final discharge and the relevant expiration of time under R.C. 2953.32(A)(1), an application for expungement may be considered by the trial court, which is to weigh the public's interest and apply a liberal construction of the statute so as to promote the legislative purpose of allowing expungement. *Id.*, citing *State v. Aguirre*, 144 Ohio St.3d 179, 2014-Ohio-4603, 41 N.E.3d 1178, ¶ 18.

{¶ 8} In determining whether an offense should be excluded, this court observed in *J.S.* that:

> The language excluding as a conviction violations of "substantially similar" municipal ordinances is limited to the named statutory sections, which all relate to minor traffic or motor vehicle violations. Hence, 'the 'substantially similar' test was not intended to apply to all violations of municipal ordinances, but only to violations of municipal traffic ordinances." *Dayton v. Sheibenberger*, 115 Ohio App.3d 529, 534, 685 N.E.2d 841 (2d Dist. 1996).

*Id.* at ¶ 10.

{¶ 9} The *J.S.* court recognized that a municipal ordinance that increases the penalty for a crime from a minor misdemeanor to a higher-level misdemeanor,

rather than to a felony, is not in conflict with the general laws of Ohio within the meaning of Article XVIII, Section 3, of the Ohio Constitution, and that courts have also upheld the constitutionality of similar municipal ordinances that increase the penalty of an offense from a minor misdemeanor to a higher-level misdemeanor. *Id.* at ¶ 12, citing *Niles v. Howard*, 12 Ohio St.3d 162, 165, 466 N.E.2d 539 (1984); *State v. Creamer*, 1st Dist. Hamilton No. C-060568, 2007-Ohio-5125, ¶ 10-11; *Medina v. Szwec*, 157 Ohio App. 3d 101, 2004-Ohio-2245, 809 N.E.2d 78, ¶ 6-7 (9th Dist.); *Akron v. Ross*, 9th Dist. Summit No. 20338, 2001 Ohio App. LEXIS 3083, 9-10 (July 11, 2001); *Cleveland Hts. v. Wood*, 107 Ohio App.3d 616, 618-619, 669 N.E.2d 281 (8th Dist.1995).

{¶ 10} However, with particular relevance to this matter, the *J.S.* court recognized that even where an applicant's convictions may not be deemed minor misdemeanors under the specific terms of R.C. 2953.31(A)(2), he or she may raise an equal protection claim, stating:

> In this case, the expungement statutes do not implicate a fundamental right or suspect classification. Thus, it must be determined whether precluding the sealing of records for individuals convicted under a municipal ordinance with an increased penalty, while allowing it for similarly situated individuals convicted of a minor misdemeanor under an analogous state statute, is rationally related to a legitimate governmental interest. Because this issue was not vetted out in the trial court and the record has not been fully developed on the issue, we remand the matter to the trial court for a hearing.

*Id.*, 2015-Ohio-177, ¶ 14.

{¶ 11} Here, T.S. argues that his municipal open-container and liquor in a motor vehicle convictions are designated as fourth-degree misdemeanors, but the

Revised Code lists these offenses as minor misdemeanors. *Compare* Cleveland Codified Ordinances 617.04 and 617.07 to R.C. 43o1.62(B)(3), 43o1.62(B)(4), and 43o1.99(A). Nonetheless, the offenses at issue are not included within the list of offenses that R.C. 2953.31(A)(2) excludes from expungement eligibility determinations. Nonetheless, an equal protection challenge may be successfully raised where individuals with convictions from one community defining the offense with an increased penalty are precluded from having their records sealed whereas individuals with convictions from another community applying a less stringent penalty are not precluded from having their records sealed, and this distinction is not rationally related to a legitimate governmental interest. *J.S.* at ¶ 14. *Accord State v. M.E.*, 8th Dist. Cuyahoga No. 106298, 2018-Ohio-4715 (remanding for due process determination).[1]

{¶ 12} In a footnote, the *J.S.* court additionally recognized:

> At least two cases, though not involving the exact circumstances as this case, have recognized that an interpretation of the expungement statutes that would result in people committing the same crime being treated differently based upon where they were arrested, or whether they were convicted under Ohio statutes or municipal ordinances, would be inherently unfair and result in an unequal application of the laws. *Aurora v. Bulanda*, 11th Dist. Portage No. 95-P-0130, 1996 Ohio App. LEXIS 2453 (June 14, 1996); *State v. Greenwald*, 11th Dist. Lake No. 12-076, 1987 Ohio App. LEXIS 9029 (Sept. 30, 1987).

*Id.*, 2015-Ohio-177, ¶ 14.

{¶ 13} Here, the trial court stated:

---

[1] The record suggests that after the hearings on remand in both *M.E.* and *J.S.*, the expungement applications were granted.

[Other courts have] decided this issue the way you are asserting it twice. And although those cases would certainly provide guidance to this court in making the decision, it certainly would be my interpretation that the statute, if it's a state statute, whether or not that statute applies to particular offenses charged in this case or that are subject to the potential sealing order in this case, should be interpreted in the light of how the state regards the same behavior, not as how the municipality regards the same behavior.

So this court would interpret it to be that the actions of the defendant, which were charged as misdemeanor of the fourth degree in the subject municipalities, but would be minor misdemeanors if charged under the Revised Code, should be interpreted under the Revised Code for in terms of application of the record sealing statute.

So I am going to certainly adopt the argument made by the defendant, or applicant, that these are -- the misdemeanor fours are actually minor misdemeanors under state law, and therefore, would not bar the applicant, * * * from being eligible for record sealing.

{¶ 14} Applying the foregoing, we likewise conclude that the state's interpretation of expungement eligibility as applied would deprive T.S. of equal protection of the law because it would permit redress for some applicants but deny redress to other similarly situated applicants. We can discern no rational basis and no legitimate governmental interest to support this distinction. We agree with the trial court's conclusion that to permit or deny expungement to similarly situated individuals on the basis of the location of their conviction results in unconstitutional deprivation of the right of equal protection of the law.

{¶ 15} The assigned error is without merit.

{¶ 16} Judgment is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
PATRICIA ANN BLACKMON, JUDGE

MARY J. BOYLE, P.J., and
SEAN C. GALLAGHER, J., CONCUR