[Cite as *State v. Hetrick*, 2022-Ohio-1993.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## GEAUGA COUNTY

STATE OF OHIO,

      Plaintiff-Appellee,

- v -

GARY J. HETRICK,

      Defendant-Appellant.

CASE NO. 2021-G-0022

Criminal Appeal from the
Court of Common Pleas

Trial Court No. 2005 C 000116

**O P I N I O N**

Decided: June 13, 2022
Judgment: Affirmed

*James R. Flaiz*, Geauga County Prosecutor, and *Nicholas A. Burling*, Assistant Prosecutor, 231 Main Street, Suite 3A, Chardon, OH 44024 (For Plaintiff-Appellee).

*Rhys B. Cartwright-Jones*, 42 North Phelps Street, Youngstown, OH 44503 (For Defendant-Appellant).

THOMAS R. WRIGHT, P.J.

{¶1}    Appellant, Gary J. Hetrick, appeals the order denying his application to seal his criminal record. Finding no reversible error, we affirm.

{¶2}    In January 2006, Hetrick was convicted of (1) attempted failure to comply with an order or signal of a police officer, a fourth-degree felony in violation of R.C. 2921.331(B)&(C)(5)(a)(ii) and R.C. 2923.02(A), and (2) operating a vehicle under the influence of alcohol ("OVI"), a first-degree misdemeanor in violation of R.C. 4511.19(A)(1)(a)&(G)(1)(a). The trial court sentenced Hetrick to community control, which terminated in January 2010.

**{¶3}** On February 24, 2021, Hetrick filed an application to seal only the felony conviction for attempted failure to comply. The state of Ohio opposed the application, arguing that because the OVI conviction under R.C. 4511.19 is statutorily precluded from sealing, the conviction for attempted failure to comply is also precluded from sealing. After a hearing, on August 13, 2021, the trial court denied the application on the basis that "the law does not allow a court to seal one count of a conviction if the other count is not eligible to be sealed."

**{¶4}** Hetrick appeals, advancing one assignment of error:

**{¶5}** "The trial court erred in denying Mr. Hetrick's application to seal criminal record under R.C. 2953.32."

**{¶6}** "Generally, we review a trial court's decision to deny an application to seal a record of conviction for an abuse of discretion. * * * To the extent we are required to interpret and apply sections of the Ohio Revised Code, our review is de novo." *State v. McLandrich*, 11th Dist. Geauga No. 2020-G-0264, 2021-Ohio-1015, ¶ 16, citing *State v. Talameh*, 11th Dist. Portage No. 2011-P-0074, 2012-Ohio-4205, ¶ 20.

**{¶7}** Hetrick contends that his felony conviction for attempted failure to comply should be severed from the misdemeanor OVI conviction for purposes of sealing and that the attempted failure to comply conviction should then be sealed. The state responds that a defendant cannot partially seal a record of conviction when one of the convictions in the same case is statutorily exempt and arose from the same act.

**{¶8}** In *Futrall*, the Supreme Court of Ohio was asked to determine "whether an applicant with multiple convictions in one case may seal the portion of his or her criminal record that is eligible pursuant to R.C. 2953.32 when one of the convictions is statutorily

2

exempt from being sealed." *State v. Futrall*, 123 Ohio St.3d 498, 2009-Ohio-5590, 918 N.E.2d 497, ¶ 15. The Court looked to multiple statutes pertaining to the sealing of records. Although the statutes have undergone multiple revisions since *Futrall* was decided, they are still applicable to the issue at hand.

{¶9} Former R.C. 2953.32(A)(1) provides: "Except as provided in section 2953.61 of the Revised Code, an eligible offender may apply to the sentencing court if convicted in this state * * * for the sealing of the record of the case that pertains to the conviction." (Effective Apr. 8, 2019, to Apr. 6, 2021.) R.C. 2953.31 includes the definition of who is an "eligible offender" for purposes of sealing. Although this case does not require a determination of whether the defendant is an "eligible offender," the statute also provides: "When two or more convictions result from or are connected with the same act or result from offenses committed at the same time, they shall be counted as one conviction." R.C. 2953.31(A)(1)(b). R.C. 2953.36 lists certain convictions that preclude sealing.

{¶10} In *Futrall*, the Supreme Court ultimately held: "When an applicant with multiple convictions *under one case number* moves to seal his or her criminal record in that case pursuant to R.C. 2953.32 and one of those convictions is exempt from sealing pursuant to R.C. 2953.36, the trial court may not seal the remaining convictions." (Emphasis added.) *Futrall* at syllabus. The Court noted that "parsing out those convictions that can be sealed from those that cannot—would be impossible: a trial court is unable to order *all* index references to the case deleted while at the same time ordering that index references to one conviction in that case be maintained because the case cannot be lawfully sealed." (Emphasis sic.) *Id.* at ¶ 19.

3

**{¶11}** Here, Hetrick's OVI conviction under R.C. 4511.19 is precluded from sealing pursuant to R.C. 2953.36(A)(2), except as otherwise provided in R.C. 2953.61. The parties argue as to the applicability of R.C. 2953.61, which dictates the effect that multiple offenses with different dispositions have on the sealing of records:

> (A) Except as provided in division (B)(1) of this section, a person charged with two or more offenses as a result of or in connection with the same act may not apply to the court pursuant to section 2953.32 or 2953.52 of the Revised Code for the sealing of the person's record in relation to any of the charges *when at least one of the charges has a final disposition that is different from the final disposition of the other charges* until such time as the person would be able to apply to the court and have all of the records pertaining to all of those charges sealed pursuant to section 2953.32 or 2953.52 of the Revised Code. [Emphasis added.]

> (B)(1) When a person is charged with two or more offenses as a result of or in connection with the same act and the final disposition of one, and only one, of the charges is a conviction under any section of Chapter * * * 4511. * * *, other than section 4511.19 * * * of the Revised Code, * * *, *and if the records pertaining to all the other charges would be eligible for sealing under section 2953.52 of the Revised Code in the absence of that conviction*, the court may order that the records pertaining to all the charges be sealed. In such a case, the court shall not order that only a portion of the records be sealed. [Emphasis added.]

> (2) * * *.

**{¶12}** Regardless of whether Hetrick's offenses arose from the same act, the R.C. 2953.61 exceptions are not applicable to Hetrick's convictions. Subsection (A) does not apply, because Hetrick was convicted of both offenses. Thus, the final dispositions of each charge were the same, not different. Subsection (B) also does not apply, because neither of Hetrick's convictions were eligible for sealing under R.C 2953.52, which

4

provides for the sealing of records pertaining to not guilty verdicts, dismissals, and grand jury no bills.

{¶13} Therefore, pursuant to *Futrall*, Hetrick's conviction for attempted failure to comply is precluded from sealing because his OVI conviction, under the same case number, is precluded from sealing and the exceptions found in R.C. 2953.61 do not apply. The trial court did not err in denying Hetrick's application to seal his record.

{¶14} Hetrick's sole assignment of error is without merit.

{¶15} The judgment of the Geauga County Court of Common Pleas is affirmed.


MARY JANE TRAPP, J.,

MATT LYNCH, J.,

concur.

Case No. 2021-G-0022