[Cite as *State v. A.K.H.*, 2023-Ohio-220.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA**

STATE OF OHIO,                                      :

     Plaintiff-Appellee,                    :

                                       No. 111581

     v.                                             :

A.K.H.,                                            :

     Defendant-Appellant.                   :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** January 26, 2023

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-02-422170-ZA

---

*Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Anthony T. Miranda, Assistant Prosecuting Attorney, *for appellee*.

Cullen Sweeney, Cuyahoga County Public Defender, and Michael V. Wilhelm, Assistant Public Defender, *for appellant*.

MARY EILEEN KILBANE, J.:

{¶ 1} Defendant-appellant A.K.H. appeals the trial court's decision that, pursuant to R.C. 2953.31, A.K.H. was not an eligible offender for purposes of sealing

his conviction and the court's denial of A.K.H.'s application to seal his records of conviction ("motion to seal records"). For the following reasons, we affirm.

**Factual and Procedural History**

{¶ 2} This case stems from convictions in two separate criminal cases. In 2002, in Cuyahoga C.P. No. CR-01-410193-B, A.K.H. was convicted of preparation of drugs for sale and possession of criminal tools, both felonies of the fifth degree.[1] In the same year, in Cuyahoga C.P. No. CR-02-422170-ZA, A.K.H. was convicted of assault, a misdemeanor of the first degree and trafficking in drugs, a felony of the third degree.[2]

{¶ 3} On October 27, 2021, A.K.H. filed a motion pursuant to R.C. 2953.32 that requested the trial court seal his convictions in the above-referenced cases. On the same date, the trial court ordered an expungement report. The expungement report identified the above-referenced convictions as well as a 2005 disorderly conduct conviction in Bedford Municipal Court; a 2006 disorderly conduct conviction in Garfield Heights Municipal Court; and a 2012 possession of marijuana conviction in Lyndhurst Municipal Court.[3] The expungement report did not identify the felony classifications of the 2005, 2006, and 2012 convictions nor the code

---

[1] A.K.H.'s convictions in Cuyahoga C.P. No. CR-01-410193-B will merge for purposes of his motion to seal his records. *See* R.C. 2953.31(A)(1)(b) that reads, in pertinent part: "When two or more convictions result from or are connected with the same act or result from offenses committed at the same time, they shall be counted as one conviction."

[2] A.K.H.'s convictions in Cuyahoga C.P. No. CR-02-422170-ZA will merge for purposes of his motion to seal his records. *See* R.C. 2953.31(A)(1)(b).

[3] The expungement report listed additional prior charges that were dismissed or nolled and, therefore, are not referenced here.

sections violated in conjunction with the convictions. On November 22, 2021, the state filed a brief in opposition to A.K.H.'s motion to seal his records that argued A.K.H. did not meet the statutory definition of an eligible offender. Specifically, the state argued A.K.H.'s two felony convictions and three misdemeanor convictions disqualified him under R.C. 2953.31's definition of an eligible offender.

{¶ 4} On March 23, 2022, the trial court conducted a hearing on A.K.H.'s motion to seal records. During the hearing, the parties stated that the Bedford and Lyndhurst convictions were classified as misdemeanors of the first degree; the parties were unaware of the classification for the 2006 Garfield Heights Municipal Court conviction. A.K.H. argued he met the R.C. 2953.31 definition of an eligible offender under an equal protection claim. On May 25, 2022, the trial court issued a journal entry that stated A.K.H. did not qualify as an eligible offender and denied his motion to seal records.

{¶ 5} On June 8, 2022, A.K.H. filed a timely notice of appeal,[4] presenting a single assignment of error for our review:

> The trial court erred in denying [A.K.H.'s] application for expungement as he is an eligible offender as a matter of law.

**Legal Analysis**

{¶ 6} In his sole assignment of error, A.K.H. argues that the trial court erred when it found he was not an eligible offender as defined in R.C. 2953.31 and denied his motion to seal records. The state argues that A.K.H. failed to introduce sufficient

---

[4] A.K.H. filed an appeal from Cuyahoga C.P. No. CR-02-422170-ZA only.

evidence to demonstrate that he was an eligible offender. Specifically, the state argues that (1) A.K.H. failed to show that his disorderly conduct convictions were for similar behavior prohibited under R.C. 2917.11 and punished under that statute as minor misdemeanors, and (2) A.K.H. relied on evidence outside the record.

{¶ 7} An appellate court generally reviews a trial court's denial of an R.C. 2953.32 motion to seal the record of a conviction under an abuse of discretion standard. *Bedford v. Bradberry*, 8th Dist. Cuyahoga No. 100285, 2014-Ohio-2058, ¶ 5, citing *State v. Hilbert*, 145 Ohio App.3d 824, 827, 764 N.E.2d 1064 (8th Dist.2001). The term abuse of discretion implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983); *Johnson v. Abdullah*, 166 Ohio St.3d 427, 2021-Ohio-3304, 187 N.E.3d 463. However, before a court decides whether to grant an application to seal an offender's record of conviction, the court must determine whether the applicant is an eligible offender. R.C. 2953.32(C)(1)(a). The determination of an applicant's status as an eligible offender is an issue of law reviewed under a de novo standard. *State v. J.C.*, 8th Dist. Cuyahoga No. 108730, 2020-Ohio-1617, ¶ 7, citing *State v. M.E.*, 8th Dist. Cuyahoga No. 106298, 2018-Ohio-4715, ¶ 6, citing *State v. M.R.*, 8th Dist. Cuyahoga No. 94591, 2010-Ohio-6025, ¶ 15.

{¶ 8} Additionally, "R.C. 2953.31 and 2953.32 must be liberally construed and the relief available must be liberally granted." *State v. J.C.*, 8th Dist. Cuyahoga No. 94427, 2010-Ohio-4686, ¶ 9, citing *Hilbert* at 827, 764 N.E.2d 1064.

{¶ 9} Ohio law permits a trial court to order the sealing of a record of conviction of an eligible offender. R.C. 2953.32. An eligible offender includes (1) those to whom R.C. 2953.31(A)(1)(a) does not apply,[5] and (2) those who were convicted of exactly two felony convictions and two misdemeanor convictions in this state or any other jurisdiction. R.C. 2953.31(A)(1)(b). A court does not consider minor misdemeanor convictions when it assesses one's status as an eligible offender. R.C. 2953.31(A)(2). Further, "[w]hen two or more convictions result from or are connected with the same act or result from offenses committed at the same time, they shall be counted as one conviction." R.C. 2953.31(A)(1)(b).

{¶ 10} Applying the statutory definition of eligible offender, we find that A.K.H.'s two felony convictions in Cuyahoga C.P. No. CR-01-410193-B resulted from the same act or resulted from the same offenses committed at the same time and, therefore, are counted as one conviction. R.C. 2953.31(A)(1)(b). Similarly, in Cuyahoga C.P. No. CR-02-422170-ZA, A.K.H.'s third-degree felony and first-degree misdemeanor convictions are considered one felony conviction.

---

[5] An individual qualifies as an "eligible offender" under R.C. 2953.31(A)(1)(a) if he or she satisfies the following:

Anyone who has been convicted of one or more offenses in this state or any other jurisdiction, if all of the offenses in this state are felonies of the fourth or fifth degree or misdemeanors and none of those offenses are an offense of violence or a felony sex offense and all of the offenses in another jurisdiction, if committed in this state, would be felonies of the fourth or fifth degree or misdemeanors and none of those offenses would be an offense of violence or a felony sex offense.

R.C. 2953.31(A)(1)(a). Pursuant to A.K.H.'s criminal history, neither party submitted that A.K.H. qualified as an "eligible offender" under R.C. 2953.31(A)(1)(a).

R.C. 2953.31(A)(1)(b). In 2005, the Garfield Heights Municipal Court convicted A.K.H. of disorderly conduct, a misdemeanor of the first degree, and in 2012, the Lyndhurst Municipal Court convicted A.K.H. of possession of marijuana, a misdemeanor of the first degree. We take judicial notice that the 2006 conviction in Bedford Municipal Court for disorderly conduct was classified as a misdemeanor of the fourth degree.[6] With two felony convictions, two first-degree misdemeanors, and one fourth-degree misdemeanor, A.K.H. was disqualified as an eligible offender under R.C. 2953.31. However, our review does not end here, but next addresses A.K.H.'s alleged equal protection violation.

{¶ 11} A.K.H. implicitly conceded at the hearing on his motion to seal records that he did not initially meet the statutory definition of an eligible offender but argued that the 2005 and 2006 disorderly conduct convictions demonstrated an equal protection violation and, therefore, he met the definition of an eligible offender. Under his equal protection claim, A.K.H. argued that his disorderly conduct convictions should be treated as minor misdemeanors for expungement purposes because the Ohio Revised Code classifies such convictions as minor misdemeanors. Specifically, if A.K.H. were convicted under R.C. 2917.11 for

---

[6] "An appellate court is permitted to take judicial notice of publicly accessible online court dockets." *Fipps v. Day*, 8th Dist. Cuyahoga No. 111633, 2022-Ohio-3434, ¶ 2, fn. 1, citing *State ex rel. Everhart v. McIntosh*, 115 Ohio St.3d 195, 2007-Ohio-4798, 874 N.E.2d 516; *State v. Estridge*, 2d Dist. Miami No. 2021-CA-25, 2022-Ohio-208, ¶ 12, fn. 1 ("We note that it is a common practice for appellate courts to take judicial notice of publicly accessible online court dockets."). *But see State ex rel. Bradford v. Bowen*, 167 Ohio St.3d 477, 2022-Ohio-351, 194 N.E.3d 345, ¶ 12 ("*Everhart* merely recognized that other courts have taken judicial notice of court records that were available on the Internet.").

disorderly conduct — rather than under the Garfield Heights and Bedford municipal ordinances — he would be eligible to have his records sealed because the convictions, classified as minor misdemeanors under the Ohio Revised Code, would not impact his status as an eligible offender. A.K.H. argued the classification of the 2005 and 2006 disorderly conduct convictions as first-degree and fourth-degree misdemeanor convictions, respectively, denied him equal protection under the law. This is a creative argument, but we are limited to the facts here and cannot assume the disorderly conduct convictions were minor misdemeanors.

{¶ 12} "[A]n equal protection challenge may be successfully raised where individuals with convictions from one community defining the offense with an increased penalty are precluded from having their records sealed whereas individuals with convictions from another community applying a less stringent penalty are not precluded from having their records sealed, and this distinction is not rationally related to a legitimate governmental interest." *State v. T.S.*, 2020-Ohio-5182, 162 N.E.3d 137, ¶ 11 (8th Dist.), citing *State v. J.S.*, 8th Dist. Cuyahoga No. 101329, 2015-Ohio-177, ¶ 14.[7]

{¶ 13} "The federal and state Equal Protection Clauses are essentially the same and require that all similarly situated individuals be treated in a similar

---

[7] We note that "the Ohio Supreme Court has determined a municipal ordinance that increases the penalty for a crime from a minor misdemeanor to a higher-level misdemeanor, rather than to a felony, is not in conflict with the general laws of Ohio within the meaning of Article XVIII, Section 3, of the Ohio Constitution." *J.S.* at ¶ 12, citing *Niles v. Howard*, 12 Ohio St.3d 162, 165, 466 N.E.2d 539 (1984). Here, a separate issue is raised by A.K.H.'s equal protection claim.

manner." *J.S.* at ¶ 13, citing *Ohio Apt. Assn. v. Levin*, 127 Ohio St. 3d 76, 2010-Ohio-4414, 936 N.E.2d 919, ¶ 33. "'[A] statute that does not implicate a fundamental right or a suspect classification'" violates equal-protection principles if it is not "'rationally related to a legitimate government interest.'" *J.S.* at ¶ 13, quoting *State v. Williams*, 126 Ohio St.3d 65, 2010-Ohio-2453, 930 N.E.2d 770, ¶ 39. This court held that "the expungement statutes do not implicate a fundamental right or suspect classification." *J.S.* at ¶ 14. Further, we discern no rational basis or legitimate governmental interest that allows redress for some applicants to seal their conviction records but denies redress to other similarly situated applicants. *See T.S.* at ¶ 14. However, the facts before us do not demonstrate A.K.H. was similarly situated to offenders convicted under the relevant Ohio Revised Code section — R.C. 2917.11 — for a minor misdemeanor.

{¶ 14} Pursuant to R.C. 2917.11, a conviction of disorderly conduct is generally classified as a minor misdemeanor. R.C. 2917.11(E)(1). However, if an offender's behavior falls within the parameters of R.C. 2917.11(E)(3) or (4), the offense is elevated to a misdemeanor of the fourth degree. R.C. 2917.11(E)(1)-(4). Absent evidence that shows A.K.H.'s 2005 and 2006 disorderly conduct convictions would be classified under R.C. 2917.11 as minor misdemeanors — rather than misdemeanors of the fourth degree — A.K.H. cannot demonstrate his 2005 and 2006 convictions were for the same conduct that would amount to a minor misdemeanor if he had been convicted under the Ohio Revised Code. Thus, A.K.H.'s equal protection claim lacks merit.

**{¶ 15}** We are constrained by the evidence presented and, therefore, must affirm the trial court's ruling that found A.K.H. did not qualify as an eligible offender and denied his motion to seal his record of convictions.

**{¶ 16}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MARY EILEEN KILBANE, JUDGE

EILEEN A. GALLAGHER, P.J., and
MICHELLE J. SHEEHAN, J., CONCUR