[Cite as *State v. K.L.*, 2024-Ohio-1777.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 113168 |
| v. | : | |
| K.L., | : | |
| Defendant-Appellant. | : | |

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** May 9, 2024

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-97-348048-ZA

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Kristen Hatcher, Assistant Prosecuting Attorney, *for appellee.*

Gary Cook, *for appellant.*

LISA B. FORBES, P.J.:

{¶ 1} K.L. appeals the trial court's denial of his "application for sealing of the record and expungement and request for hearing" concerning his 1997 convictions for felonious assault of a peace officer and having weapons while under

disability. After reviewing the facts of the case and pertinent law, we reverse the trial court's decision and remand this case for a hearing pursuant to R.C. 2953.32(C).

## I. Facts and Procedural History

{¶ 2} On March 31, 1997, a jury convicted K.L. of felonious assault of a peace officer in violation of R.C. 2903.11(A), a first-degree felony, and having weapons while under disability in violation of R.C. 2923.13, a third-degree felony. K.L. was also convicted of three-year firearm specifications on both counts. The court sentenced K.L. to an aggregate term of 8-to-28 years in prison. On May 7, 1998, this court affirmed K.L.'s convictions on direct appeal. *State v. K.L.*, 8th Dist. Cuyahoga No. 72403, 1998 Ohio App. LEXIS 2091 (May 7, 1998) ("*K.L. I*").

{¶ 3} On July 21, 2023, K.L. filed an "application for sealing of the record and expungement and request for hearing" pursuant to R.C. 2953.32. On August 16, 2023, the trial court summarily denied K.L.'s request.

{¶ 4} It is from this order that K.L. appeals, raising one assignment of error for our review:

> The trial court erred and abused its discretion in denying the appellant's application for sealing of the record and expungement and request for hearing several cases because the appellant was an eligible offender, the trial court failed to set or conduct a hearing, and the trial court failed to indicate whether the denial applied to all or some of the cases.

## II. Law and Analysis

### A. Standard of Review

{¶ 5} Although we generally review the trial court's denial of an R.C. 2953.32 motion to seal the record of conviction under an abuse-of-discretion

standard, the "determination of an applicant's status as an eligible offender is an issue of law reviewed under a de novo status." *State v. A.K.H.*, 2023-Ohio-220, 206 N.E.3d 817, ¶ 7 (8th Dist.).

### B. R.C. 2953.32

{¶ 6} The Ohio Supreme Court has held that "the statutory law in effect at the time of the filing of an R.C. 2953.32 application to seal a record of conviction is controlling." *State v. Lasalle*, 96 Ohio St.3d 178, 2002-Ohio-4009, 772 N.E.2d 1172, ¶ 19. The version of the statute that was in effect on July 21, 2023, when K.L. filed his application for sealing the record, took effect in April 2023. As the statute has subsequently been amended, we will refer to the version of the statute at issue in this opinion as the "April 2023 version of R.C. 2953.32."

{¶ 7} The April 2023 version of R.C. 2953.32 provides, in pertinent part, as follows:

> (A) Sections 2953.32 to 2953.34 of the Revised Code do not apply to any of the following:
> * * *
>
> (2) Convictions of a felony offense of violence that is not a sexually oriented offense;
>
> * * *
>
> (5) Convictions of a felony of the first or second degree * * *.

{¶ 8} Moreover, the April 2023 version of R.C. 2953.32(B)(1) reiterates that "an eligible offender may apply to the sentencing court * * * for the sealing or expungement of the record of the case that pertains to the conviction, *except for convictions listed in division (A) of this section.*" (Emphasis added.) *See also State*

*v. T.D.*, 8th Dist. Cuyahoga No. 111307, 2022-Ohio-3741, ¶ 7 ("Only an 'eligible offender' may apply to have his or her record of conviction sealed.").

{¶ 9} Among other changes to R.C. 2953.32 that were effective in April 2023, the following sentence was added to the statute: "The court shall hold a hearing not less than forty-five days and not more than ninety days from the date of the filing of the application." R.C. 2953.32(C). Prior to the April 2023 amendment to the statute, R.C. 2953.32(B) stated that "the court shall set a date for a hearing * * *." The statute did not require the court to actually hold this hearing.

{¶ 10} The April 2023 version of R.C. 2953.32(D)(1)(a) states, in part, as follows: "At the hearing held under division (C) of this section, the court shall * * * [d]etermine whether the applicant is pursuing sealing or expunging a conviction of an offense that is prohibited under division (A) of this section * * *."

{¶ 11} Under previous versions of the statute, some Ohio courts held that when an offender is not eligible to have his or her record of conviction sealed as a matter of law, the court need not hold a hearing prior to denying an application under R.C. 2953.32. *See, e.g., State v. J.K.,* 8th Dist. Cuyahoga No. 96574, 2011-Ohio- 5675, ¶ 16 (holding that the defendant "was not eligible for expungement because arson is an offense of violence * * *. This is clearly a question of law. Thus, in this case, an evidentiary hearing was not necessary to address it."); *State v. Potts*, 11th Dist. Trumbull Nos. 2019-T-0038 and 2019-T-0039, 2020-Ohio-989, ¶ 16 ("We conclude, and logic dictates, that when there are no factual issues related to an applicant's eligibility for the sealing of a record of conviction, a hearing on the matter

is not required under the statute."); *State v. N.V.*, 9th Dist. Lorain No. 21CA011728, 2021-Ohio-3868, ¶ 9 ("[I]t makes sense that a hearing is not required if 'an offender's conviction is statutorily exempt from sealing as a matter of law * * *. (Internal quotations and citations omitted.)'").

## C. Analysis

{¶ 12} Under subsection (A) of the April 2023 version of R.C. 2953.32, the entire statute "does not apply" to K.L.'s conviction for assault of a peace officer. Felonious assault of a peace officer is an "offense of violence" as that term is defined by R.C. 2901.01(A)(9).[1] Consequently, K.L.'s conviction for that offense would fall under the April 2023 version of R.C. 2953.32(A)(2). Felonious assault of a peace officer is a first-degree felony. *See* R.C. 2903.11(D)(1)(a)[2] ("If the victim of a violation of division (A) of this section is a peace officer * * *, felonious assault is a felony of the first degree."). Consequently, K.L.'s conviction for that offense would fall under the April 2023 version of R.C. 2953.32(A)(5).

{¶ 13} Nonetheless, under subsection (C) of the statute, the court was required to hold a hearing "[u]pon the filing of an application under this section." At the hearing, subsection (D) requires the court to determine whether the applicant is attempting to seal one of the certain offenses listed in subsection (A).

---

[1] At the time K.L. committed felonious assault, it was defined as an "offense of violence" in R.C. 2901.01(I)(1).

[2] K.L. committed the offense of felonious assault of a peace officer on May 23, 1996. *See K.L. I.* At that time, R.C. 2903.11(B) categorized this offense as a first-degree felony.

**{¶ 14}** In *State v. W.A.R.*, 8th Dist. Cuyahoga No. 113057, 2024-Ohio-256, this court recently decided the lone case in Ohio applying the April 2023 version of R.C. 2953.32, finding that "the trial court improperly denied W.A.R.'s motion to seal his record without first setting a hearing and conducting a hearing in concert with the statutory requirements." *W.A.R.* at ¶ 23. The *W.A.R.* Court also explicitly found that the precedent in Ohio that courts need not hold a hearing for ineligible offenders was no longer applicable after the April 2023 amended statute took effect. *Id.* at ¶ 22. In light of the plain language requiring a hearing in subsection (C), coupled with the dictates of subsection (D)(1)(a), we reluctantly agree.

**{¶ 15}** In concluding that a hearing is required on K.L.'s application, we recognize that the April 2023 version of R.C. 2953.32 is internally inconsistent. Subsection (A) unambiguously states that the statute "does not apply" to certain offenses. However, subsections (C) and (D) require a hearing to assess, among other things, whether the defendant is seeking to seal a conviction for an offense to which the statute explicitly does not apply. *See* R.C. 2953.32(A).

**{¶ 16}** As a final matter, K.L. argues on appeal that he "sought expungement of * * * criminal matters" in seven cases in the Cuyahoga County Court of Common Pleas in addition to Cuyahoga C.P. No. CR-97-348048-ZA, which is the single underlying case in the appeal at hand. K.L. further argues that "it is unclear * * * whether the trial court considered all cases because only [CR-97-348048] is indicated thereon and no other case Docket of the trial court indicates consideration or denial of the Application." To support this argument, K.L. cites the April 2023

version of R.C. 2953.32(D)(3), which states that an "applicant may request the sealing or expungement of the records of more than one case in a single application under this section." This section of the statute also states that a nonindigent applicant "shall pay an application fee of" $50 "regardless of the number of records that application requests to have sealed or expunged."

{¶ 17} The record indicates that K.L. filed his application to seal the record only in CR-97-348048. K.L. did not file an application in any of the other seven cases listed in his appellate brief. It is axiomatic that a court cannot rule on something that was never filed.

{¶ 18} Accordingly, we find that the court erred by denying K.L.'s application to have his record of conviction sealed without holding a hearing. K.L.'s sole assignment of error is sustained in part to the extent that the court failed to hold a hearing.

{¶ 19} Judgment reversed. Case remanded to the trial court to hold a hearing pursuant to R.C. 2953.32(C).

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LISA B. FORBES, PRESIDING JUDGE

MICHAEL JOHN RYAN, J., and
FRANK DANIEL CELEBREZZE, III, J., CONCUR