**[Cite as *State v. Kiptanui*, 2024-Ohio-4706.]**

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Appellee | : | C.A. No. 30051 |
| | : | |
| v. | : | Trial Court Case No. 12CRB1024 |
| | : | |
| JAMES T. KIPTANUI | : | (Criminal Appeal from Municipal Court) |
| | : | |
| Appellant | : | |
| | : | |

· · · · · · · · · · ·

O P I N I O N

Rendered on September 27, 2024

· · · · · · · · · · ·

JAMES T. KIPTANUI, Pro Se Appellant

STEPHANIE L. COOK, Attorney for Appellee

· · · · · · · · · · · ·

TUCKER, J.

{¶ 1} James T. Kiptanui appeals from the trial court's January 23, 2024 order denying an application to seal misdemeanor convictions for violating a protection order and criminal trespass.

{¶ 2} Kiptanui contends the trial court erred in denying his application without a hearing and without providing any reasoning. He maintains that he was an eligible offender and that his misdemeanor offenses were eligible for sealing.

{¶ 3} We conclude that R.C. 2953.32 to R.C. 2953.34, which provide for the sealing and expungement of criminal records, did not apply to Kiptanui's conviction for violating a protection order. Therefore, the trial court did not err in refusing to seal the record of that conviction. With regard to the criminal-trespass offense, the trial court never imposed a sentence after making a finding of guilt. That being so, there was no record of conviction to seal. In addition, the existence of the protection-order conviction precluded sealing of the criminal-trespass offense. Accordingly, the trial court's judgment will be affirmed.

## I. Background

{¶ 4} Following a 2014 bench trial, Kiptanui was found guilty of violating a protection order in contravention of R.C. 2919.27 and criminal trespass in violation of R.C. 2911.21. The trial court imposed a 180-day jail sentence for the protection-order violation. Its judgment entry neglected to impose a sentence for criminal trespass.

{¶ 5} In July 2020, Kiptanui filed an R.C. 2953.32 application for sealing of his criminal record. The trial court denied the application in March 2021. Kiptanui filed a second application in November 2023. He requested a hearing and sought to participate via Zoom as he was being detained by the U.S. Immigration and Customs Enforcement agency. A summary of the trial court's docket indicates that a hearing occurred. The trial court's docket entries, however, contain no indication of a hearing or Kiptanui's

participation in one. In any event, the trial court denied his application on January 23, 2024. In its entry, the trial court check-marked a box finding that Kiptanui's two offenses were ineligible to be sealed. A line for the trial court to explain why they were ineligible was left blank.

## II. Analysis

{¶ 6} Although Kiptanui's pro se brief lacks a traditional assignment of error, he challenges the trial court's finding that his convictions were ineligible for sealing. He argues that he was eligible to have his offenses sealed and that they qualified for sealing. He also asserts that the trial court erred in failing to provide reasoning and to hold a hearing.

{¶ 7} Upon review, we find Kiptanui's arguments to be unpersuasive. He filed his application for sealing on November 6, 2023. The applicable version of the sealing statutes was the one in effect on that date. *State v. LaSalle*, 2002-Ohio-4009, ¶ 19. On appeal, Kiptanui cites an earlier version of R.C. 2953.32, which differed in some ways from the current version of that statute. The current version, which was in effect when he filed his most recent application, provides that Ohio's sealing and expungement statutes, R.C. 2953.32 to R.C. 2953.34, "do not apply" to specified convictions. They include his conviction under R.C. 2919.27 for violating a protection order. *See* R.C. 2953.32(A)(1)(f).

{¶ 8} Given that R.C. 2953.32(A) excludes Kiptanui's protection-order conviction from the entire sealing process, nothing in the remainder of R.C. 2953.32 applies to that conviction—including an offender's right under R.C. 2953.32(B)(1) to apply for sealing of a conviction and a trial court's obligation under R.C. 2953.32(C) to hold a hearing on an

application. If R.C. 2953.32(A) did not make this clear enough, R.C. 2953.32(B)(1) also limits the right it grants an offender to seek sealing. It authorizes an offender to apply for sealing of a criminal record "except for convictions listed in division (A)(1) of this section." As noted above, Kiptanui's protection-order conviction is listed in R.C. 2953.32(A)(1). Therefore, under R.C. 2953.32(A) the entire sealing process did not apply to that conviction, and under R.C. 2953.32(B)(1) he had no right to file an application to have it sealed. It logically follows that the trial court had no obligation to hold a hearing on Kiptanui's unauthorized application for sealing of his ineligible protection-order conviction.

{¶ 9} We recognize that the Eighth District Court of Appeals recently reached a contrary conclusion in *State v. K.L.*, 2024-Ohio-1777 (8th Dist.). In that case, the Eighth District cited R.C. 2953.32(A) and acknowledged that "the entire statute" did not apply to the defendant's conviction for assaulting a peace officer. *Id.* at ¶ 12. The Eighth District also cited R.C. 2953.32(B)(1) and recognized that an offender had no right to file an application for the sealing of such a conviction. *Id.* at ¶ 8.

{¶ 10} Despite acknowledging that the entire sealing process did not apply and that the defendant had no right to seek the sealing of his conviction, the Eighth District nevertheless found a hearing on the defendant's application necessary. In support, the appellate court cited R.C. 2953.32(C), which provides that "upon the filing of an application under this section" a trial court shall schedule and hold a hearing. The Eighth District observed too that one of a trial court's obligations at such a hearing is to "[d]etermine whether the applicant is pursuing sealing or expunging a conviction of an offense that is prohibited under division (A) of this section[.]" *Id.* at ¶ 13, citing R.C.

2953.32(D).

{¶ 11} In finding a hearing necessary on the defendant's application for sealing of his conviction for assaulting a peace officer, the Eighth District reasoned:

In concluding that a hearing is required on K.L.'s application, we recognize that the April 2023 version of R.C. 2953.32 is internally inconsistent. Subsection (A) unambiguously states that the statute "does not apply" to certain offenses. However, subsections (C) and (D) require a hearing to assess, among other things, whether the defendant is seeking to seal a conviction for an offense to which the statute explicitly does not apply. *See* R.C. 2953.32(A).

*Id.* at ¶ 15.

{¶ 12} While we agree that R.C. 2953.32 is worded peculiarly, we respectfully disagree with the Eighth District's analysis. As set forth above, R.C. 2953.32(A) rendered the sealing and expungement statutes wholly inapplicable to Kiptanui's protection-order conviction. In addition, R.C. 2953.32(B)(1) denied him the right to file an application for sealing of that conviction. Under these circumstances, R.C. 2953.32(C)'s requirement for a hearing "upon the filing of an application under this section" did not apply to him for two reasons. First, R.C. 2953.32(C) itself did not apply to Kiptanui's protection-order conviction (*see* R.C. 2953.32(A)). Second, Kiptanui could not have filed an application "under" R.C. 2953.32(C) because R.C. 2953.32(B)(1) precluded him from doing so.

{¶ 13} Given that Kiptanui had no right to an R.C. 2953.32(C) hearing on his unauthorized application, the trial court had no duty to make any findings. With regard to

the Eighth District's recognition that R.C. 2953.32(D) obligates a trial court conducting a hearing under R.C. 2953.32(C) to "determine whether" an offender is seeking to seal an ineligible conviction, we read the obligation as a safeguard to ensure that such convictions are not accidentally sealed. We do not read it as implicitly granting Kiptanui a right to a hearing in direct contravention of everything that precedes R.C. 2953.32(C).

{¶ 14} In opposition to our analysis, Kiptanui points out that we previously have found a hearing required when a defendant applies to seal his criminal record. He cites *Dayton v. P.D.*, 2002-Ohio-5589 (2d Dist.). Without conducting a hearing, the trial court in *D.P.* denied the defendant's application to seal an assault conviction on the grounds that it was ineligible to be sealed. This court reversed and remanded for a hearing. We noted that eligibility turned on whether the victim was a minor, and the record lacked evidence of the victim's age. Therefore, a hearing was necessary. *Id.* at ¶ 6, 8. Kiptanui's case is distinguishable. Under R.C. 2953.32(A), a conviction for violating R.C. 2919.27 is ineligible for sealing. On its face, the judgment entry of conviction established that Kiptauni had been convicted of violating R.C. 2919.27. Unlike *P.D.*, determining whether the protection-order conviction may be sealed did not require evidence outside the record. Nowhere in his application for sealing did Kiptanui dispute whether he actually had a conviction for violating a protection order.

{¶ 15} This court also has found a hearing required in other record-sealing cases. In *State v. Hutchen*, 2010-Ohio-6103 (2d Dist.), we reversed and remanded for a hearing on the defendant's application to seal a decades-old conviction for carrying a concealed weapon. The trial court denied the application without a hearing on the basis that the

defendant was ineligible for sealing. The defendant argued on appeal, however, that he was eligible as a "first and only" offender. We cited *P.D.* and found the defendant entitled to a hearing to resolve the issue. *Id.* at ¶ 9. Once again, Kiptanui's case is unlike *P.D.* or *Hutchen.* He does not allege the existence of a factual dispute regarding whether he has a conviction for violating R.C. 2919.27.

**{¶ 16}** In *State v. D.L.*, 2015-Ohio-1664 (2d Dist.), we found a hearing required where the trial court incorrectly found the defendant statutorily ineligible for sealing based on the nature of his misdemeanor assault conviction. Under the applicable statute, the defendant's conviction actually was excluded from offenses that were ineligible for sealing. We also found a hearing required because the record lacked incontrovertible evidence that the defendant had additional convictions that precluded sealing of the assault conviction. The only evidence of additional convictions was found in a pretrial-services report, and we determined that the defendant had a right to challenge the report at a hearing. We distinguished *State v. Clark*, 2011-Ohio-6354 (4th Dist.), in which the Fourth District found no hearing necessary where the petitioner conceded the existence of a prior conviction and there were no factual questions related to his first-offender status. In our view, Kiptanui's case more closely resembles *Clark* than *D.L.* The record before us contains a judgment entry of conviction for violating R.C. 2919.27, which on its face rendered him ineligible for sealing. There are no factual disputes about the conviction.

**{¶ 17}** In *State v. L.L.*, 2017-Ohio-5489 (2d Dist.), we found a hearing required on the defendant's application to seal a conviction for theft of drugs. The trial court had denied the application without a hearing, but it is unclear whether it did so based on a

finding of statutory ineligibility for sealing or based on a finding that sealing simply was unwarranted. In reaching our conclusion, however, we cited *Hutchen* and *D.L.*, which we have addressed above.

**{¶ 18}** In *State v. Webb*, 2010-Ohio-5743 (2d Dist.), we affirmed the trial court's denial of a defendant's application to seal an arson conviction without a hearing. As in the present case, the trial court found the defendant statutorily ineligible to have the conviction sealed. In affirming the trial court, we reasoned that whether the defendant's undisputed conviction was eligible for sealing presented a pure question of law and, therefore, "no hearing [was] necessary to resolve that question." *Id.* at ¶ 9. We reach the same conclusion in Kiptanui's case. Whether his undisputed conviction for violating R.C. 2919.27 was eligible for sealing was a legal question that did not require the presentation of evidence. Moreover, based on our analysis of the current version of R.C. 2953.32 above, we do not believe the statute compelled the trial court to hold a hearing. Accordingly, we conclude that the trial court did not err in denying Kiptanui's application to seal his protection-order conviction without a hearing.

**{¶ 19}** We turn next to Kiptanui's criminal-trespass offense. As noted above, the trial court's docket is devoid of any sentence being imposed for that offense. The trial court's March 14, 2012 judgment entry made a finding of guilt, but the sentencing portion of the form is blank. A "conviction" typically requires both a finding of guilt and a sentence. *State v. Henderson*, 58 Ohio St.2d 171, 179 (1979); *State v. Maye*, 129 Ohio App.3d 165, 169 (10th Dist. 1998); Crim.R. 32(C). Here, the sealing statute plainly contemplates an application for sealing being filed after sentencing. It provides that an offender "may apply

to the sentencing court if convicted in this state[.]" R.C. 2953.32(B)(1). It also authorizes an application for sealing to be filed after an offender's "final discharge." *Id.* There is no final discharge until after a sentence is imposed and completed. *State v. Weirauch*, 2018-Ohio-5001, ¶ 18 (2d Dist.), quoting *State v. Aguirre*, 2014-Ohio-4603, ¶ 28. Given that the trial court never imposed a sentence for criminal trespass, the sealing statute currently has no applicability.

**{¶ 20}** Finally, even if Kiptanui had completed a sentence for criminal trespass, the conviction would be ineligible for sealing. The trial court's inability to seal his protection-order conviction would preclude sealing the criminal trespass. A defendant's criminal record in a case cannot be partially sealed. In other words, no sealing is permitted where at least one offense statutorily is ineligible. *See*, *e.g.*, *State v. Futrall*, 2009-Ohio-5590, ¶ 19-20; *State v. Pariag*, 2013-Ohio-4010, ¶ 18; *State v. Hetrick*, 2022-Ohio-1993, ¶ 8, 13. Accordingly, the trial court properly denied Kiptanui's application as to the criminal-trespass offense.

### III. Conclusion

**{¶ 21}** The judgment of the Dayton Municipal Court, Criminal Division, is affirmed.

. . . . . . . . . . . . .

EPLEY, P.J. and HUFFMAN, J., concur.