[Cite as *State v. Wolfe*, 2024-Ohio-4924.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Appellee | : | C.A. No. 30159 |
| | : | |
| v. | : | Trial Court Case No. 1993 CR 00556 |
| | : | |
| JAVALEN L. WOLFE | : | (Criminal Appeal from Common Pleas |
| | : | Court) |
| Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on October 11, 2024

. . . . . . . . . . .

JAVALEN L. WOLFE, Pro Se Appellant

MATHIAS H. HECK, JR., by SARAH H. CHANEY, Attorney for Appellee

. . . . . . . . . . . . .

LEWIS, J.

{¶ 1} Javalen (aka Javelen) L. Wolfe appeals from a judgment of the Montgomery

County Court of Common Pleas, which denied his application for expungement without a hearing. For the following reasons, the trial court's judgment will be affirmed.

## I. Procedural History

{¶ 2} On March 19, 1993, Wolfe was indicted for murder in violation of R.C. 2903.02(A) in connection with the February 27, 1993 shooting death of Todd Grills in Dayton. The charge included an accompanying firearm specification. On October 6, 1993, Wolfe was re-indicted for aggravated murder and aggravated robbery, each with a firearm specification. Later, at the prosecutor's request, the trial court entered a nolle prosequi of the March 19 indictment.

{¶ 3} Wolfe's first jury trial ended in a mistrial. During a second trial in January 1994, the jury indicated that it was unable to reach a verdict on aggravated robbery, but it found Wolfe guilty of murder (purposeful), a lesser included offense of aggravated murder. The trial court sentenced Wolfe to an indefinite term of 15 years to life in prison, with an additional three years for the firearm specification. The State dismissed the aggravated robbery charge. We affirmed Wolfe's murder conviction on direct appeal. *State v. Wolfe*, 1995 WL 140717 (2d Dist. Mar. 29, 1995).

{¶ 4} On March 8, 2024, Wolfe filed an application for expungement pursuant to former R.C. 2953.52(A) (now R.C. 2953.33), based on the dismissal of the original murder indictment in November 1993. Wolfe requested a hearing, which the trial court scheduled for May 15, 2024.

{¶ 5} It is not clear whether that hearing was held, but the following day (May 16), the trial court denied Wolfe's application, finding that he was not an eligible applicant

under R.C. Ch. 2953. The court explained that only the original indictment had been dismissed, that the subsequent indictment had not, and that Wolfe had been convicted of murder. The court noted that Wolfe remained incarcerated for that offense. It found that "[t]here does appear to be a governmental need to maintain the record of Not Guilty." It further stated, "As the offense of Murder is ineligible to be sealed, and the offense and arrest details are intertwined in the same case number, the Court must overrule the Motion for Sealing in this case."

{¶ 6} Wolfe appeals from the trial court's judgment.

## II. Sealing/Expungment of Record

{¶ 7} In his sole assignment of error, Wolfe claims that the trial court erred in denying his application without holding a hearing. His appellate brief asserts that the requirement to hold a hearing was mandatory, that he was eligible to have the dismissed murder charge sealed,[1] and that the State has no interest in not sealing this record. He clarifies in his reply brief that his argument "only concerns the fact that a hearing **was not** conducted." (Emphasis in original.) He states that the trial court canceled the hearing two hours before it was scheduled to start.

{¶ 8} Generally, we review the trial court's decision on an application to seal or expunge a criminal record for an abuse of discretion. *State v. D.L.*, 2015-Ohio-1664, ¶ 7 (2d Dist.). When the decision is based on an interpretation of the applicable statutes, we review the trial court's interpretation de novo, meaning without any deference to the trial court. *Id.*

---

[1] Wolfe appears to use the terms "seal" and "expunge" interchangeably.

**{¶ 9}** The sealing or expungement of a criminal record is an "act of grace created by the state." *State v. Pariag*, 2013-Ohio-4010, ¶ 12, quoting *State v. Hamilton*, 75 Ohio St.3d 636, 639 (1996). It should be granted only when all requirements are met, because it is a "privilege, not a right." *Id.*, quoting *State v. Futrall*, 2009-Ohio-5590, ¶ 6. Although Wolfe's application cited a prior version of the sealing and expungement statute, we look to the current version, which was in effect when he filed his application. *See State v. LaSalle*, 2002-Ohio-4009, ¶ 19.

**{¶ 10}** Of relevance here, R.C. 2953.33(A)(1) generally authorizes any person who is the defendant named in a dismissed indictment to apply for an order to seal or expunge the person's official records in their criminal case.[2] Except as provided in R.C. 2953.61, the application may be filed at any time after the dismissal of the indictment is entered on the court's minutes or journal, whichever occurs first. R.C. 2953.33(A)(1).

**{¶ 11}** R.C. 2953.61(A) addresses when a person who was charged with multiple offenses "as a result of or in connection with the same act" may seek the sealing or expungement of the record as to *any* of the charges. It provides that, "when at least one of the charges has a final disposition that is different from the final disposition of the other charges," the person may not apply for the sealing or expungement as to *any* charge "until such time as the person . . . would be able to apply to the court and have *all* of the records pertaining to *all* of those charges sealed or expunged pursuant to [R.C. 2953.32, 2953.33, 2953.39, or 2953.521]." (Emphasis added.) "In short, when multiple counts

---

[2] R.C. 2953.33 also sets forth procedures for sealing or expunging the record when a person has been found not guilty of an offense by a jury or court, when a no bill has been entered by a grand jury, or when the person has been granted a pardon by the governor. In contrast, R.C. 2953.32 addresses the sealing of a record of conviction.

stem from the same act, an applicant is not eligible to have any of the counts sealed until he is eligible to have them all sealed." *State v. G.K.*, 2022-Ohio-2858, ¶ 9.

{¶ 12} The Ohio Supreme Court made clear that a defendant could not have individual dismissed counts sealed under former R.C. 2953.52(A)(1) when the defendant was convicted of a different count in the indictment. *Id.* Moreover, when a defendant has been convicted of an offense and other counts in the indictment were dismissed, the dismissed counts may not be sealed until the conviction is eligible to be sealed. *Id.* It noted that "[a] court cannot seal 'all official records pertaining to the case' while simultaneously maintaining the record of the conviction in the case." *Id.* at ¶ 20.

{¶ 13} Moreover, a defendant's criminal record in a case cannot be partially sealed. *State v. Kiptanui*, 2024-Ohio-4706, ¶ 20 (2d Dist.). No sealing is permitted where at least one offense is statutorily ineligible. *See, e.g., Futrall*, 2009-Ohio-5590, at ¶ 19-20; *State v. Pariag*, 2013-Ohio-4010, ¶ 18.

{¶ 14} Upon the filing of an application to seal or expunge the record of a case, the trial court must set a date for a hearing and notify the prosecutor. R.C. 2953.33(B)(1). The prosecutor may file a written objection to the granting of the application no later than 30 days prior to the scheduled hearing. We have generally held that a hearing on an application to seal records is mandatory. *See, e.g., D.L.*, 2015-Ohio-1664, at ¶ 11; *P.D.*, 2002-Ohio-5589 (2d Dist.). This is so the trial court has all relevant information bearing on the application. *State v. Miller*, 2023-Ohio-2651, ¶ 19 (11th Dist.).

{¶ 15} Nevertheless, we have not required a hearing when the trial court does not need to resolve any factual issues. *See Kiptanui* at ¶ 14-18 (hearing not required under

R.C. 2953.32(C) where no there was no factual dispute that the conviction at issue was statutorily ineligible to be sealed); *see also State v. Webb*, 2010-Ohio-5743 (2d Dist.) (affirming the denial of a defendant's application to seal an arson conviction without a hearing). As succinctly stated by the Eleventh District, "a hearing is not required when it would simply serve no purpose." *Miller* at ¶ 20.

{¶ 16} In this case, the trial court scheduled a hearing for May 15, 2024, upon the filing of Wolfe's application. Wolfe asserts that the hearing was canceled, but nothing in the record substantiates that claim. Regardless, even if the hearing were canceled, we would find no error because the trial court did not need to resolve any factual issues to determine the merits of Wolfe's application.

{¶ 17} The record in Wolfe's criminal case established that Wolfe was originally indicted for murder, that he was re-indicted for aggravated murder and aggravated robbery based on the same act, and that the original indictment was dismissed. It further showed that he was ultimately convicted of murder in violation of R.C. 2903.02(A) as a lesser included offense of aggravated murder; the aggravated robbery charge was dismissed. Wolfe does not contest any of these occurrences.

{¶ 18} Wolfe's criminal case involved multiple related charges with different dispositions. Consequently, he was not able to seek the sealing or expungement of the dismissed murder charge until he could seek to seal the record regarding all of the charges related to the shooting of Grills. *See* R.C. 2953.61. However, the sealing and expungement statutes do not apply to Wolfe's conviction for purposeful murder. *See* R.C. 2953.32(A)(1)(b) (sealing/expungement statute does not apply to convictions for "a

felony offense of violence that is not a sexually oriented offense").   Wolfe's conviction for purposeful murder thus precluded him from seeking to seal the record of the related dismissed murder charge.

{¶ 19} Because no factual issues existed, the trial court had no reason to conduct a hearing on Wolfe's application, and it committed no error in failing to hold one. Moreover, the trial court property denied his application, as it had no merit as a matter of law.

{¶ 20} Wolfe's assignment of error is overruled.

### III. Conclusion

{¶ 21} The trial court's judgment will be affirmed.

. . . . . . . . . . . . .


WELBAUM, J. and TUCKER, J., concur.