[Cite as *Cleveland Mun. Court Criminal Div. v. Edgewater Park Manor, L.L.C.*, 2025-Ohio-5139.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

CLEVELAND MUNICIPAL COURT    :
CRIMINAL DIVISION,

      Plaintiff-Appellee,      :

                        No. 114829

      v.                :

EDGEWATER PARK MANOR L.L.C.,    :

      Defendant-Appellant.      :

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** DISMISSED
**RELEASED AND JOURNALIZED:** November 13, 2025

---

Criminal Appeal from the Cleveland Municipal Court
Case No. 2023-CVH-013041

---

### *Appearances:*

Mark D. Griffin, Cleveland Director of Law, James R. Russell, Jr., Chief Assistant Director of Law, and Caroline E. Lettrich, Assistant Director of Law, *for appellee.*

Powers Friedman Linn, PLL and Rachel E. Cohen, Thomas P. Owen, *for appellant.*

EMANUELLA D. GROVES, J.:

{¶ 1} Appellant Edgewater Park Manor, L.L.C., ("Edgewater") appeals from the decision of the trial court denying its motion to vacate a criminal penalty

judgment transfer from the Cleveland Municipal Court Housing Division ("Housing Court"). For the reasons that follow, we dismiss the appeal as moot.

{¶ 2} This case originally started with a citation issued to Edgewater in January 2022 for a minor misdemeanor health-code violation for its property on Lake Avenue in the City of Cleveland. Multiple summons were issued between January 2022 and September 2022. A summons was issued, and the Housing Court docket noted delivery to Edgewater in September 2022. A subsequent docket entry in October noted "unclaimed." Edgewater failed to appear for any of the subsequent proceedings. In August 2023, the Housing Court entered an order documenting the history of the case and scheduling the case for trial five days from the date of the order. The order notified Edgewater that if a representative failed to appear, the Housing Court "shall use all methods and means available by all applicable State statutes and local ordinances to compel the defendant's presence."

{¶ 3} Edgewater failed to appear for trial. The Housing Court issued contempt findings with per diem sanctions in the amount of $1,000 per day. Fifty-two days later, the Housing Court ordered the clerk of courts to enter a civil judgment for collections in the amount of $56,000.[1] The Housing Court subsequently filed a criminal penalty judgment transfer in Cleveland M.C. No. 2023-CVH-013041 (the "collections action") from which this appeal is taken. In January

---

[1] Ultimately, this contempt finding was for Edgewater's alleged failure to appear when the docket showed it was never served regarding a minor misdemeanor citation for which the maximum organizational fine is $1000. R.C. 2929.31(A)(12). Thus, this failure to appear resulted in a $56,000 judgment lien and an additional $16,000 collection fee when it was transferred to the civil docket.

2024, counsel for the municipal court filed a judgment lien in Cuyahoga C.P. No. JL-24-193953 (the "judgment lien case") against Edgewater in the amount of $72,907, including costs and fees.

{¶ 4} Counsel for Edgewater filed a notice of appearance in October 2024 in the Housing Court case. That case was resolved when Edgewater paid the waiver, acknowledging responsibility for the health code violation. Edgewater did not appeal that case. In November 2024, Edgewater filed a motion to vacate judgment in the collections action. Edgewater argued that (1) the trial court issued a void judgment, noting in part that the amount of the judgment was greater than the $15,000 monetary jurisdiction of a municipal court; and (2) that the signatories to the affidavit commencing the action signed sworn documents in violation of R.C. 2921.13(A)(13). Edgewater asked that the trial court vacate the judgment and dismiss the matter.

{¶ 5} The trial court denied the motion. Specifically, it found that the action was filed pursuant to R.C. 2329.02 and, as such, it could not vacate the Housing Court's original judgment unless it was void. The trial court further noted that a judgment is void if it lacks subject-matter or personal jurisdiction. Accordingly, the trial court refused to address any of Edgewater's arguments that were outside the jurisdictional questions. The trial court rejected Edgewater's subject-matter-jurisdiction argument finding that monetary jurisdiction of the Housing Court was not limited to $15,000, and it was allowed to pursue the action. Further, the trial court found that Edgewater did not challenge service of the underlying judgment

and, therefore, did not raise personal jurisdiction. Accordingly, the trial court denied the motion finding that Edgewater did not establish that the Housing Division order was void and, therefore, that the court did not have subject-matter-jurisdiction over the motion.

{¶ 6} Edgewater appeals that decision.

{¶ 7} In its first assignment of error, Edgewater argues that the trial court erred when it failed to grant the motion to vacate because the judgment created in the collections case was void. Specifically, it argued that (a) the municipal court could not sue or be sued in its own name, (b) the trial court lacked jurisdiction to issue a judgment greater than $15,000, and (c) it was never served in this matter. In the second assignment of error, although Edgewater did not file an appeal in the Housing Court Division case, it challenged the contempt finding, the lack of a hearing, the amount of the per diem sanction, and the authority of the Housing Division to submit that judgment to collections. Edgewater asks this court to reverse the trial court's denial of its motion to vacate, grant the motion, and order the court to satisfy and release the lien in the judgment lien case, and dismiss the collections action in its entirety.

{¶ 8} During oral argument for this case, the appellee notified this court that Edgewater filed a motion in the Housing Division case, which potentially mooted this appeal. In order to determine the accuracy of this claim, we reviewed

the online dockets for the Housing Court case, the collections case, and the judgment-lien case and take judicial notice of the facts contained in those dockets.[2]

{¶ 9} In September 2025, Edgewater filed a motion to purge the contempt order, vacate per diem sanctions, and release the lien in the Housing Court case. On September 17, 2025, the Housing Court filed a judgment entry and order finding that there was an inconsistency with respect to service, and that

> [g]iven the irregularity, inaccuracy or inconsistency between the docket return and the return reported on the actual envelope, the Court finds that Defendant may not have received notice of the hearing and its failure to appear was not deliberate.

{¶ 10} Noting that Edgewater resolved the underlying citation, the Housing Court vacated all civil contempt sanctions and civil judgments associated with the case and ordered that any liens issued against Edgewater or its property be released.

{¶ 11} The Housing Court ordered the clerk of courts to file a copy of the order in the collections action, which appears on that case's docket. Simultaneously, the court's counsel filed a release of judgment lien in the judgment-lien case noting that the lien was "released, satisfied, and discharged."

{¶ 12} "'Generally, courts will not resolve issues that are moot.'" *State v. Baird*, 2020-Ohio-2717, ¶ 6 (8th Dist.), quoting *State v. Marcum*, 2015-Ohio-5237, ¶ 6 (10th Dist.), citing *In re L.W.*, 2006-Ohio-644, ¶ 11 (10th Dist.). An appeal is moot if the appellant seeks to obtain a "'judgment upon some matter which, when

---

[2] Appellate courts are permitted to "take judicial notice of publicly accessible records, including court documents and dockets in deciding appeals." *State v. Kempton*, 2018-Ohio-928, ¶ 17 (4th Dist.). *Accord*, *State v. Estridge*, 2022-Ohio-208, ¶ 12, fn. 1 (2d Dist.); *State v. A.K.H.*, 2023-Ohio-220, ¶ 10, fn. 6 (8th Dist.).

rendered, for any reason cannot have any practical legal effect upon a then-existing controversy.'" *Id.,* citing *Marcum* at *id.,* citing *In re L.W.* at *id.* An appellate court does not have to consider an issue "'and will dismiss [an] appeal, when [it] becomes aware of an issue that has rendered the issue moot.'" *State v. Bittles*, 2018-Ohio-4228, ¶ 4 (2d Dist.) quoting *Cincinnati Gas & Elec. Co. v. PUC*, 2004-Ohio-5466, ¶ 15, citing *Miner v. Witt*, 82 Ohio St. 237, 238 (1910).

{¶ 13} Given the current posture of this case at the trial-court level, there is no action this court could take that would have any practical legal effect upon the controversy. The courts below have already granted the relief Edgewater seeks. The remaining issues Edgewater raises address procedural irregularities in the Housing Court and the collections case. Ohio courts do not issue advisory opinions, i.e., "rule on questions of law, which cannot affect matters in issue in the case." *State v. Bryski*, 2012-Ohio-3518, ¶ 8 (11th Dist.).

{¶ 14} Accordingly, based on the foregoing, we dismiss this appeal as moot.

It is ordered that appellee recover from appellant costs herein taxed.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EMANUELLA D. GROVES, JUDGE

EILEEN T. GALLAGHER, P.J., and
DEENA R. CALABRESE, J., CONCUR